ants." As indicated in the above extract from the complaint, there was no use in common with the other tenants of the freight elevator in question. It was serviceable only for the business of the plaintiffs, was manned and managed apart from the rest by them alone, save as to the electric current, which they turned off or on at will, and was exclusively demised to them under the lease, wherein they covenanted "to make repairs (not made necessary by fire) requisite to preserve the premises in good order and condition without expense to the lessor." As a covenant to repair is not implied by law, an express covenant will not be enlarged by construction (52 N. Y. 512, 515), which the covenant relied upon would need, if extended to cover the claim of the plaintiffs. What the clause invoked really applied to appeared when it was shown upon the trial that there were in the building two other elevators usable in common by the other tenants, and that one of them was a freight elevator, starting from the basement at a door communicating with the premises of the plaintiffs, who used it upon occasion both when their own was in order and when it was not. The defendant landlord was not bound either by covenant, express or implied, to make the repairs. The plaintiffs not only were under the implied obligations of tenants respecting repairs, but also had undertaken, by express covenant, to make the repairs without expense to the lessor.

Judgment reversed and new trial ordered, with costs to appellant to abide the event. All concur.

---

(101 App. Div. 246)

### SHAW v. NEW YORK CENT. & H. R. R. CO.

(Supreme Court, Appellate Division, Third Department. January 10, 1905.)

1. LETTERS OF ADMINISTRATION—VALIDITY.

Under Code Civ. Proc. § 2591, providing that letters of administration granted by a court "having jurisdiction to grant them * * * are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed * * * or the letters are revoked," letters granted to plaintiff on a defectively verified petition are admissible in evidence to show plaintiff's authority to sue.

Appeal from Special Term, Columbia County.

Action by N. A. Shaw, Jr., as administrator of the goods, chattels, and credits of Mary E. Fowlks, deceased, against the New York Central & Hudson River Railroad Company, as lessee of the Boston & Albany Railroad. From a judgment for defendant dismissing the complaint, plaintiff appeals. Reversed.

See 83 N. Y. Supp. 91.

Argued before PARKER, P. J., and SMITH, CHASE, CHESTER, and HOUGHTON, JJ.

G. K. Daley, for appellant.
A. B. Gardenier, for respondent.

SMITH, J. This action is brought for damages for causing the death of the plaintiff's intestate. Upon the trial the plaintiff's letters of administration were introduced in evidence, and thereafter, upon motion, stricken out. The complaint has apparently

been dismissed for the reason that the plaintiff has not shown himself entitled to bring the action.

After the introduction by plaintiff· of his letters of administration, the defendant introduced the petition upon which those letters were granted. That petition purported to have been verified before a notary public in the county of New York, while the venue of the affidavit of verification was stated as "State of New York, County of Columbia." The venue of the affidavit is prima facie the place where it is taken. Babcock v. Kuntzsch, 85 Hun, 33, 32 N. Y. Supp. 587. It probably must be held, then, that the petition stands upon the record as an unverified petition. By section 2591 of the Code of Civil Procedure, it is provided that letters of administration granted by a court "having jurisdiction to grant them as prescribed in this chapter, are conclusive evidence of the authority of the persons to whom they are granted until the decree granting them is reversed upon appeal, or the letters are revoked." In Redfield's Surrogate's Practice (6th Ed.) § 366, it is said:

"The statute does not require the facts conferring jurisdiction to be proved in any particular way, nor the proofs to be filed or reduced to writing, and therefore a failure to find such proofs on file in the surrogate's office is not evidence that no such proofs were adduced before him. The presumption is that they were. The production of the letters, or the record or the exemplification of the record thereof, establishes prima facie the representative character of an administrator, in an action brought by him."

That the letters are sufficient, in the absence of proof of want of jurisdiction, is held in Belden v. Meeker, 2 Lans. 473; s. c., 47 N. Y. 307; Farley v. McConnell, 52 N. Y. 630; Welch v. N. Y. C. R. Co., 53 N. Y. 610. See Thorp's note to section 2473, Code Civ. Proc. In this case there is no proof of want of jurisdiction. The only proof was to the effect that the petition for such letters should be given the effect of an unverified petition. Under the authorities cited, it would seem to be held that, to discredit the letters, the defendant was bound to prove more, to wit, to prove affirmatively that jurisdiction did not exist. Nor can the ruling of the trial justice striking out the letters be sustained on the ground that parties with prior right to letters were not cited. It seems that this complaint only lies with those having such prior right. Kelly v. West, 80 N. Y. 140; Power v. Speckman, 126 N. Y. 357, 27 N. E. 474.

Defendant now seeks to sustain this judgment by insisting that, upon the proofs, the plaintiff's intestate is shown to have been guilty of contributory negligence. She was riding in a carriage as the guest of Davidson, who was driving the horse. We have allowed a judgment to stand, recovered against the defendant by the representatives of Davidson. A fortiori should it be held to be for the jury to decide whether plaintiff's intestate was guilty of contributory negligence. Without discussing the facts in detail, it is sufficient to say that we are of opinion that the judgment dismissing the complaint cannot be sustained on the ground that upon the evidence, as matter of law, it should be held that plain-

tiff's intestate was guilty of contributory negligence. Holding, then, that the letters of administration were improperly stricken from the record, and that the judgment dismissing the complaint cannot be upheld upon any other ground urged upon us, it follows that the judgment should be reversed, and a new trial ordered, with costs to appellant to abide the event. All concur.