<hr/>

## MANISCALCO v. SLAMOWITZ.

(Supreme Court, Appellate Division, Second Department. January 10, 1908.)

1. ARREST—IN CIVIL ACTIONS—DISCHARGE ON MOTION—PROCEEDINGS.

Under Code Civ. Proc. § 568, providing that an application to vacate an order of arrest may be founded only on the papers on which the order was granted, etc., and that in such case the application must be heard on those papers only, where a motion to vacate an order of arrest was made on the papers on which it was granted, new affidavits of plaintiff could not be read in opposition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, § 105.]

2. SAME.

Under said section, where one of the affidavits on which the order of arrest was granted purported to be made by plaintiff, but was in fact signed by another, the jurat attesting that he swore to it, and was thus a nullity, neither the affidavit as corrected after a notice of motion to vacate the order of arrest was given, nor a new affidavit by plaintiff explaining the error, could be read in opposition.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 4, Arrest, § 105.]

3. AFFIDAVIT—VALIDITY.

Where an affidavit on which an order of arrest was granted, which purported to be made by plaintiff, was in fact signed by another, and the jurat attested that he swore to it, the affidavit was a nullity.

Appeal from Special Term, Kings County.

Action by Paul Maniscalco against Abraham Slamowitz. From an order granting a motion to amend an order denying a motion to vacate an order of arrest of defendant by making it recite two affidavits of

plaintiff as having been read in opposition to the motion, defendant appeals. Reversed.

Argued before WOODWARD, JENKS, HOOKER, MILLER, and GAYNOR, JJ.

Jacob M. Leibner, for appellant.
Joseph Gans, for respondent.

GAYNOR, J. The motion to vacate the order of arrest was made on the papers on which it was granted, and hence the two new affidavits of the plaintiff could not be read in opposition. Code Civ. Proc. § 568. One of the affidavits on which the order of arrest was granted purported to be by the plaintiff, but was in fact signed by another, and the jurat attested that he swore to it. It was thus a nullity. It was corrected after the notice of motion to vacate the order of arrest was given, and it and a new affidavit by the plaintiff explaining the error are the two affidavits which the order of resettlement directed to be recited as having been read in opposition. They could not be read any more than any other affidavits.

The appellant also argues that the order denying the motion to vacate the order of arrest should be reversed, but there is no notice of appeal from that order in the record.

The order of resettlement should be reversed.

Order of resettlement reversed, with $10 costs and disbursements, and motion denied, with costs. All concur.