### ROBINSON v. COOPER.

(Supreme Court, Special Term, Queens County.   February, 1909.)

1. AFFIDAVITS (§ 12*)—JURAT—AUTHORITY OF NOTARY.
 Under Laws 1892, p. 1704, c. 683, § 85, as amended by Laws 1894, p. 186, c. 68, authorizing notaries to administer oaths in the county where appointed, the verification of an affidavit is void, where the jurat shows it to have been sworn to in the county other than that for which the notary was appointed.
 [Ed. Note.—For other cases, see Affidavits, Cent. Dig. § 55; Dec. Dig. § 12.*]

2. ARREST (§ 31*)—CIVIL ACTION—MOTION TO DISCHARGE.
 Where the affidavit on which an order for an arrest was made shows want of authority in the notary to take the same, supporting affidavits and other evidence is inadmissible, on a motion to vacate the order, to show the officer's authority.
 [Ed. Note.—For other cases, see Arrest, Cent. Dig. §§ 70, 72; Dec. Dig. § 31.*]

3. AFFIDAVITS (§ 12*)—JURAT—SHOWING AUTHORITY OF OFFICER.
 Where a notary is authorized under Executive Law (Laws 1892, p. 1702, c. 683, as amended by Laws 1901, p. 1678, c. 657) § 82, to act outside of the county of his appointment, such fact should be noted in the jurat of an affidavit taken by him outside of such county.
 [Ed. Note.—For other cases, see Affidavits, Cent. Dig. §§ 54, 55; Dec. Dig. § 12.*]

Action by Clarence M. Robinson against John Cooper. Heard on motion to vacate an attachment of the person. Motion granted.

David W. Rockmore, for plaintiff.
Eugene N. L. Young, for defendant.

GARRETSON, J.  The defendant appears specially, for the motion, and moves to vacate the order of arrest upon several grounds, but upon the argument and submission urges only that the order should be vacated because founded upon affidavits apparently unverified.

The affidavits bear the venue, "City and County of New York," and the jurat to each is subscribed "W. F. Duckworth, Notary Public, Kings Co., N. Y."  Executive Law (chapter 683, p. 1704, Laws 1872, as amended by chapter 88, p. 186, Laws 1894) § 85, provides that a notary may administer oaths and affirmations and take affidavits in the county in and for which he shall have been appointed.  The venue indicates that the affidavit was taken in the county of New York, and the jurat

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

that the officer was appointed for Kings county. Hence upon its face each affidavit was taken in a county where the notary was not authorized to act.

This constitutes a jurisdictional defect, and the affidavits must be regarded as a nullity. Every affidavit should show upon its face that it was taken within the jurisdiction of the officer who certifies it. Thompson v. Burhans, 61 N. Y. 63; Saril v. Payne (Comp. Pl.) 4 N. Y. Supp. 897; Lane v. Morse, 6 How. Prac. 394; Davis v. Rich, 2 How. Prac. 86; Sandland v. Adams, 2 How. Prac. 127; Snyder v. Olmstead, 2 How. Prac. 181; Shaw v. N. Y. Central & H. R. R. Co., 101 App. Div. 246, 91 N. Y. Supp. 746. In several of the cases cited the venue was wanting. Hence the court was unable to say that the officer acted within his jurisdiction. In the case at bar it affirmatively appears that the officer acted without his jurisdiction. Supporting affidavits and other evidence may not be submitted to show the authority of the notary and sustain the order. Code Civ. Proc. § 568; Maniscalco v. Slamowitz, 123 App. Div. 690, 108 N. Y. Supp. 65.

For the foregoing reasons, I am of the opinion that the defendant's motion should be granted. If the fact be that the notary was empowered to act in New York county under section 82 of the executive law (chapter 683, p. 1702, Laws 1892, as amended by chapter 657, p. 1678, Laws 1901), it would seem that, in order to show jurisdiction on the face of the affidavit, the fact should be briefly stated in the jurat or appended to his signature, and the county of his appointment. It cannot be presumed on this motion that the notary complied with the section last referred to.

Motion granted, with $10 costs.