In the Matter of the Application of JOSEPH C. McCARTHY for an Order Directed to the Board of Elections of the City of New York.

Supreme Court, Kings Special Term, September, 1922.

Elections — designating petitions — lack of venue on affidavit not fatal defect — presumption as to regularity of official act — Election Law, § 135.

The presumption that every public officer does his duty applies to the administration of oaths by notaries public.

While the venue of an affidavit is *prima facie* evidence of the place where the affidavit was taken, the omission of the venue is not fatal if the affidavit or any part thereof expressly or by implication shows where it was taken.

Although no venue was attached to an affidavit required by section 135 of the Election Law to be appended to a designating petition, it appeared from the jurat that the affidavit was taken in Kings county before a notary public. *Held*, that this evidence, aided by the presumption that the notary who, under section 105(2) of the Executive Law, was authorized to take affidavits anywhere within the state, justifies the granting of this motion directing the board of elections to accept the designating petition.

APPLICATION for mandamus.

*Robert H. Elder*, for petitioner.

*Francis D. McGarey (Harry J. Rosenson*, of counsel), for objector.

LEWIS, J. Applicant seeks an order directing the board of elections to accept designating petitions.

The board of elections sustained the objections which were raised to the sufficiency of the petition, holding that the affidavit provided for by section 135 of the Election Law was insufficient, in that it contained no venue.

17

Section 135 requires that there be appended to the petition "the *affidavit* of one of the signers to the petition." Although no venue is attached, the affidavit concludes with the words: "Sworn to before me this 18th day of August, 1922, Michael L. Lentino, Notary Public, Kings Co. Co. Clerk's No. 181. My term expires Mar. 30, 1923."

The presumption that every public officer does his duty applies to the administration of oaths by notaries public. See 22 R. C. L. 472, 474; 2 Cyc. 21; *Meldrum* v. *U. S.*, 151 Fed. Rep. 177.

In the latter case the court said (at p. 181): "But the general rule is that the omission of a venue is not a fatal defect, since the presumption will be indulged that the officer who took the affidavit acted within his authority."

The venue constituted *prima facie* evidence of the place where the affidavit is taken. The omission of the venue, therefore, is not fatal if, by chance, the instrument or any part thereof expressly or by implication shows where it was taken. 1 R. C. L. 768.

In *Robinson* v. *Cooper*, 62 Misc. Rep. 517, it was held that where the venue having indicated that the affidavit was taken in the county of New York, whereas the officer was appointed for the county of Kings, the affidavit was taken in a county where the notary was not authorized to act.

The Executive Law existing at the time that opinion was written permitted a notary to take affidavits only in the county in which he was appointed. The Executive Law (§ 105, subd. 2) now provides that "a notary public also has authority anywhere within the state * * * to take affidavits * * *."

The words "Kings County," attached to the jurat, are evidence that the affidavit was taken in the county of Kings. See *Cox* v. *Stern*, 170 Ill. 442, 445.

That evidence, aided by the presumption that the notary has performed his duty, and, in addition, has the right to take affidavits throughout the state, justifies the granting of this motion directing the board of elections to accept the designating petitions.

Ordered accordingly.