*1094 OPINION OF THE COURT
Edward W. McCarty, III, J.
This is a summary proceeding brought by petitioner, the purchaser of the subject premises at a Sheriffs sale, to recover possession of respondent’s home.
Respondent defends this proceeding claiming that the District Court has no jurisdiction in this matter to determine the rights of possession. She argues there are no jurisdictional grounds, since respondent is not petitioner’s tenant, nor did petitioner purchase respondent’s interest at the Sheriff’s sale but that of her estranged husband and finally that her mother’s estate, of which she is the administratrix, is suing petitioner in Supreme Court to foreclose on a mortgage on the premises.
After a trial was held on October 19, 1987, the court reserved its decision and judgment which hereby awards possession to petitioner for the reasons set forth below.
FINDINGS OF FACT
The salient facts which are not in dispute are as follows: The respondent and her husband, from whom she has been separated for several years, purchased the subject premises as tenants by the entirety in 1962. In 1976, the respondent and her husband executed a promissory note to respondent’s mother, Margaret Crawford (hereinafter Crawford), in the amount of $50,000. This debt became a lien on the subject property.
Two years later, in 1978, the respondent was adjudicated bankrupt. Her interest, a tenancy by the entirety, in the subject premises was conveyed subject to all mortgage and liens of record to DeSoto Realty Corp. (hereinafter DeSoto), in care of Benjamin Travitsky (petitioner’s father), pursuant to the order of the Hon. Boris Radoyevich, Bankruptcy Judge, dated August 7, 1978. DeSoto’s interest was later conveyed by deed dated February 27,1987, to petitioner.
In 1982, Crawford extended the note’s due date to some time in 1988. On March 10, 1987, the respondent’s husband’s interest in the subject premises was sold to petitioner at a Sheriff’s sale of the execution of the judgment against him. Some time in 1987, the respondent as administratrix commenced in the Supreme Court an action on behalf of Crawford’s estate to foreclose on her mother’s mortgage on the subject premises.
*1095 At the time that petitioner commenced this summary proceeding she held sole title to the subject premises by virtue of the conveyance to her of DeSoto’s interest and her purchase of respondent’s husband’s interest at the Sheriff’s sale.
Although petitioner was not present, she appeared by an attorney and presented her case through the testimony of Benjamin Travitsky, petitioner’s father and owner of DeSoto Realty, and documents introduced into evidence.
At the close of the trial, respondent moved to dismiss the petition on grounds that no landlord-tenant relationship exists between petitioner and respondent, nor is there a non-landlord-tenant ground under RPAPL 713. Respondent also moves to dismiss on grounds that petitioner did not testify and that there was no proof that petitioner was not an infant or competent to stand trial. The last grounds were not pleaded as a defense to the proceeding.
Petitioner moved to amend her pleadings to conform to proof of grounds for possession under RPAPL 713 (7) and (8).* Petitioner’s motion is denied as no evidence of these grounds was adduced at trial. Respondent’s motions are denied for the reasons as follows:
DISCUSSION
At the outset the court notes that infancy and incompetency are affirmative defenses which must be pleaded and proved. (CPLR 3211 [a] [3], [5].) Neither was pleaded nor proved at the hearing. It is not the petitioner who must plead and prove competency and capacity. Neither is petitioner required to testify since her proof was adduced from the testimony of her witness and documents introduced into evidence at the trial.
Turning to the jurisdictional issue, the court finds that it has jurisdiction to hear this summary proceeding under RPAPL 713 (1). This section provides that a summary proceeding may be maintained against a respondent where: "The property has been sold by virtue of an execution against him or a person under whom he claims and a title under the sale has been perfected.”
At the time that this proceeding commenced, petitioner held title to both the respondent’s prior interest as tenant by the *1096 entirety and respondent’s husband’s interest as tenant by the entirety.
Respondent’s arguments that she is not the judgment debtor and therefore RPAPL 713 (1) is inapplicable and that she is in possession by color of title as tenant by the entirety are without merit. Addressing respondent’s second argument first, the court finds that respondent has no color of any title. Respondent clearly lost whatever title she held in the property when it was sold in bankruptcy in 1978.
A tenant by the entirety may convey his or her own interest in the property but may not dispose of the interest of the other cotenant. (Lum v Antonelli, 102 AD2d 258 [2d Dept 1984].) Upon the sale of a tenancy by the entirety the purchaser becomes a tenant in common for rents and profits with the other tenant by the entirety (supra). The remaining tenant by the entirety does not lose his or her right of survivorship in the property however. (See, Lum v Antonelli, supra, at 262, quoting Lawriw v City of Rochester, 14 AD2d 13, affd 11 NY2d 759.)
DeSoto, petitioner’s predecessor in interest, had been a tenant in common with respondent’s husband. The respondent remained in the subject premises by virtue of her relationship with her spouse.
DeSoto could not commence an action against respondent as long as she lived there with her husband (see, Matter of Berlin v Herbert, 48 Misc 2d 393) since she lived there as the guest and invitee of her husband. (Supra.)
CONCLUSIONS OF LAW
No evidence of any matrimonial action or court order directing exclusive occupancy of the subject premises to the respondent was offered at trial. The evidence shows that respondent’s husband left the premises prior to commencement of this proceeding and that his interest in the premises was sold to petitioner upon execution of a judgment against him.
Under RPAPL 713 (1) a summary proceeding may be maintained against a respondent where the subject property was sold by virtue of an "execution against him or a person under whom he claims”. In the instant case the respondent’s only possessory interest in the property was under her husband’s interest as a tenant by the entirety. She continued to live there by virtue of her relationship with him. (See, Berlin v *1097 Herbert, supra.) Once his interest in the property was sold, she no longer could claim a right to reside in the premises. Her individual interest as a tenant by the entirety was lost in bankruptcy.
Thus, the court feels that RPAPL 713 (1) applies. Respondent’s husband was the judgment debtor — under whom she claimed a right to reside in the subject premises. Her occupancy and possession does not fit under any other ground set forth in RPAPL 713 upon which a summary proceeding may be maintained.
The foreclosure action in Supreme Court is not affected by this proceeding. Even if the respondent prevails in that action a foreclosure judgment will direct the sale of the property, not possession to respondent.
Accordingly, the court awards judgment and possession in favor of petitioner. Enforcement of the warrant of eviction shall be stayed for a period of 45 days from today to permit respondent time to obtain new housing.

 These sections are inapplicable to the case at bar. Subdivision (7) permits a summary proceeding where respondent is a licensee and subdivision (8) applies in a contract of sale.