■ EDWARD SOYER, Appellant, v FRANK PERRICONE, Respondent. [597 NYS2d 472] —In an action to recover damages for the use and occupancy of real property, the plaintiff appeals from (1) an order of the Supreme Court, Queens County (Leviss, J.), dated November 27, 1990, which granted the defendant's motion for summary judgment dismissing the complaint, and (2) so much of an order of the same court, entered April 23, 1991, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated November 27, 1990, is dismissed, as that order was superseded by the order entered April 23, 1991, made upon reargument; and it is further,

Ordered that the order entered April 23, 1991, is affirmed insofar as appealed from; and it is further,

Ordered that the defendant is awarded one bill of costs.

In March 1975 the plaintiff obtained a judgment of divorce against Catherine Soyer. The judgment of divorce provided in part that "possession of the [marital] home will remain with [Catherine and] the children will have use of the house until they reach their majority". In April 1985 Catherine married the defendant, who then moved into her home, which was the Soyers' former marital residence. In April 1990 the plaintiff, alleging that his children had reached their majority, commenced an action against Catherine seeking a partition and division or a sale of the former marital residence. Shortly thereafter, the plaintiff commenced this action against the defendant. The plaintiff asserted that the defendant was living in property in which the plaintiff had an undivided one-half interest, and that the defendant had occupied the property for residential and business purposes without paying any rent. The plaintiff sought damages for the defendant's use and occupancy of the former marital residence.

The defendant was entitled to summary judgment dismissing the complaint. As the husband of the plaintiff's cotenant, the defendant was entitled to live at the premises rent free *(see, Karan v Peterson,* 137 Misc 2d 1093, 1096; *Matter of Berlin v Herbert,* 48 Misc 2d 393, 395). Moreover, even if the plaintiff were ousted unlawfully from the premises by his cotenant, the plaintiff can recover the fair value of the use and occupancy of the premises from his cotenant *(see, Worthing v Cossar,* 93 AD2d 515). Bracken, J. P., Rosenblatt, Miller and Pizzuto, JJ., concur.