■ ROSE S. MANCINI, Respondent-Appellant, v EDMOND R. MANCINI, Appellant-Respondent. [628 NYS2d 803] —In a matrimonial action in which the parties were divorced by a judgment dated May 8, 1991, the former husband appeals, as limited by his brief, from so much of an order of the Supreme Court, West-

chester County (Fredman, J.), entered November 1, 1993, as denied his motion to modify the parties' separation agreement and granted the branch of the former wife's cross motion which was to increase child support for the year 1993. The wife cross-appeals from so much of the same order as denied the branch of her cross motion which was for counsel fees and sanctions.

Ordered that the order is affirmed insofar as appealed and cross-appealed from, with costs to the former wife.

"A separation agreement is a contract subject to the principles of contract construction and interpretation *(Rainbow v Swisher,* 72 NY2d 106, 109). Where the contract is clear and unambiguous on its face, the courts must determine the intent of the parties from within the four corners of the instrument *(id.; Nichols v Nichols,* 306 NY 490, 496, *reh denied* 307 NY 677)" *(Matter of Meccico v Meccico,* 76 NY2d 822, 823-824). The parties' separation agreement clearly indicates that the parties intended that they were to be equally obligated to pay the monthly expenses related to the marital residence until it is sold. Thus, we agree with the Supreme Court that the former wife's remarriage does not relieve the former husband of his obligation to pay his share of the expenses related to the marital residence. Moreover, the former husband is not entitled to one-half of the rental value of the marital residence. The former wife's new husband, as a guest or invitee of the former wife, is entitled to live at the premises rent free *(see, Soyer v Perricone,* 193 AD2d 665).

We find that the husband's conduct in commencing this action was not frivolous *(see,* 22 NYCRR 130-1.1 [c]).

The parties' remaining contentions are without merit. Thompson, J. P., Pizzuto, Santucci and Florio, JJ., concur.