In the Matter of the Judicial Settlement of the Account of DEYO P. MATHEWSON, as Executor, etc., of ELIZABETH B. MATHEWSON, Deceased.

ELLA J. WINEGAR, Appellant; DEYO F. MATHEWSON, as Executor, etc., and Another, Respondents.

Fourth Department, November 12, 1924.

Executors and administrators — judicial accounting — petitioner who had life estate by dower in one-third and life estate under will of testatrix as to two-thirds not competent to petition for accounting — contract with executor as individual made before probate of will did not give her interest.

The petitioner, who was the owner of a life estate in real property as to an undivided one-third by reason of her right of dower and as to the remaining undivided two-thirds as a devisee under the will of the testatrix, did not by reason thereof have such an interest in the estate of the testatrix in the hands of the executor as would give her a right to petition for an accounting.

An agreement entered into between the petitioner and the executor made before the will was probated in which the executor acted in his individual capacity did not operate to give her an interest in the estate.

APPEAL by the defendant, Ella J. Winegar, from a decree of the Surrogate's Court of the county of Steuben, entered in the office of said surrogate on the 21st day of April, 1924.

*Glenn L. Buck*, for the appellant.

*Floyd W. Annabel*, for the respondent Deyo P. Mathewson, as executor, etc.

*Ernest E. Cole*, special guardian for the respondent Malcolm Mathewson.

PER CURIAM:

The petitioner, Ella J. Winegar, was the owner of a life estate in a Steuben county farm as to an undivided one-third by reason of her right of dower and as to the remaining undivided two-thirds as a devisee under the will of her daughter. (*Durfee* v. *Pomeroy*, 154 N. Y. 583; *Monarque* v. *Monarque*, 80 id. 320; *Bailey* v. *Bailey*, 97 id. 460.) Upon the death of her daughter the life estate vested in her at once irrespective of the failure to probate the will. (*Alfred University* v. *Frace*, 193 App. Div. 279.) The executor named in the will had nothing to do with putting her in possession and her rights to the farm were wholly independent of any rights or duties of the executor. She had no interest by virtue of the will in the estate of the decedent in the possession of the executor. Neither did her contract with Dr. Mathewson give her any interest in such estate. In making the contract he acted as an individual and not as executor in taking what was in substance a conveyance to him of Mrs. Winegar's life estate. The will had not been probated or letters issued at the time when this contract was made nor would he have had power to enter into such a contract as executor even had he then been entitled to act as such.

Under these circumstances the petitioner had no interest in the estate of Mrs. Mathewson in the hands of the executor and no right to petition for an accounting. While it is true that equity powers are now given to the Surrogate's Court they are equity powers in respect to the estate of a decedent. (Surrogate's Court Act, § 40.) Here the matter in controversy relates merely to a contract between the petitioner and Dr. Mathewson individually.

Jurisdiction cannot be acquired by acquiescence. (*Matter of Mondshain*, 186 App. Div. 528; *Matter of Walker*, 136 N. Y. 20.) And in such circumstances it is our duty to dismiss the proceeding. (*Matter of Walker*, 136 N. Y. 20, 30.)

The decree should be reversed on the law and the proceeding dismissed, without costs.

Present — HUBBS, P. J., DAVIS, SEARS, CROUCH and TAYLOR, JJ. All concur.

Decree reversed on the law and proceeding dismissed, without costs.