In the Matter of the Estate of LOUIS GROSSMAN, Deceased.

Surrogate's Court, Oneida County, September 21, 1929.

*E. M. Brown*, for the Utica National Bank and Trust Company.

*Samuel Reichler* [*E. D. Lee* of counsel], for Lena Grossman.

EVANS, S. The decedent died intestate on March 18, 1926. He left him surviving a widow, Lena Grossman, and two sons and a daughter, the issue of a former marriage.

The children are now adults but were very young at the time of their father's second marriage.

Mrs. Grossman was a widow and had three children when she married the decedent.

The administrator and Mrs. Grossman filed with the court a stipulation wherein they asked for a determination of their respective rights in the proceeds of two bonds and mortgages covering certain real property in the city of Utica. One bond and mortgage bears date the 27th day of April, 1925, executed by Roy G. Ash and Clara, his wife, to Louis Grossman, and Lena, his wife. This mortgage was recorded in the Oneida county clerk's office on the day it bears date in book of Mortgages, No. 651 at page 337. At the time of decedent's death there was due on this mortgage $4,100 and some accrued interest. The other bond and mortgage bear date the 15th day of August, 1923, executed by Charles Sitrin and Edith, his wife, to Louis Grossman and Lena, his wife. This mortgage was recorded in the Oneida county clerk's office on the day it bears date in book of Mortgages, No. 622 at page 404. The amount due and unpaid on this mortgage at the time of decedent's death was $600 and some accrued interest.

The point involved here is whether the administrator owns an undivided one-half interest in the bonds and mortgages or whether the widow, as she claims, owns the whole of such interest in its entirety.

The stipulation recites that it is filed in lieu of a proceeding for discovery.

Several hearings were had and witnesses testified with reference to their knowledge of the financial affairs of the decedent and his widow.

On the part of Mrs. Grossman evidence was submitted to prove that the decedent had little or no money at the time when the bonds and mortgages were executed and that the money loaned belonged to Mrs. Grossman; that it was the intent and purpose of both the decedent and his wife that the survivor should own the entire amount due if death intervened before the mortgages were paid.

On the part of the administrator evidence was produced tending

to show that the decedent was actively engaged in business and possessed funds of his own and that his wife had but little property, and that the reason for both names appearing on the documents was to protect and insure to either set of children, on the death of their parent, the right of inheritance.

It seems clear as a matter of law that on their face the bonds and mortgages were held by the decedent and his wife as tenants in common.

" Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy.  *  *  * "  (Real Prop. Law, § 66.)

A bond and mortgage running to a husband and wife creates a tenancy in common and each is the owner of one-half.  (*Matter of Blumenthal*, 236 N. Y. 448; *Matter of Albrecht*, 136 id. 91.)

In this proceeding the parties are agreed as to the bare legal effect of ownership of the securities held by the decedent and his wife, but on her part she seeks to obtain a judicial determination or decree that as a matter of equity she is entitled to all the money due on the securities.

Without passing on the merits of the facts shown, I think that this court is without jurisdiction to grant the desired relief.

The fact that the parties interested have stipulated that the court may decide the conflicting claims involved does not add to the powers of the court.

" Jurisdiction cannot be acquired by acquiescence." (*Chemung Canal Bank* v. *Judson*, 8 N. Y. 254; *Matter of Walker*, 136 id. 20; *Matter of Mathewson*, 210 App. Div. 572.)

Section 205 of the Surrogate's Court Act authorizes a proceeding by a representative of an estate to discover property concealed or withheld from his possession.

The primary purpose was to furnish information.  A claim of title or ownership of such property by a person brought into court ended the proceeding.  Jurisdiction of the surrogate was later broadened to enable him to try the issue of title with or without a jury.  In the pending proceeding Mrs. Grossman seeks a remedy that is equitable in its nature, in order for a court to find that she owns a greater share than one-half of the amount due on the securities.  I think that there is no warrant in law for such procedure in the Surrogate's Court.  Cases bearing on the particular point appear to be few.

In *Matter of Mondshain* (186 App. Div. 528) it was held that the Surrogate's Court has no jurisdiction to set aside a general release under seal.

Conflicting claims to the proceeds of a life insurance policy pay-

able to a particular beneficiary cannot be determined in the Surrogate's Court. (*Matter of Taylor*, 174 N. Y. Supp. 764.)

The Surrogate's Court has no jurisdiction to set aside assignments of a mortgage. (*Matter of Higgins*, 91 Misc. 387.)

I, therefore, hold and decide that the decedent and his wife each owned one-half of the amount due on the bonds and mortgages heretofore described and that the administrator of the decedent's estate succeeded to his rights; that the widow, Mrs. Grossman, should account to the administrator for any amount in excess of her share that she has collected of principal and interest; that any further collections shall be equally divided.

Decreed accordingly.