In the Matter of the Judicial Settlement of the Accounts of FREDERIC K. KNOWLTON and ANNA D. KNOWLTON, as Administrators, etc., of MARK D. KNOWLTON, Deceased.

FREDERIC K. KNOWLTON and ANNA D. KNOWLTON, as Administrators, etc., of MARK D. KNOWLTON, Deceased, Appellants; ELIZABETH KENT KNOWLTON, ELIZABETH KENT KNOWLTON, JR., and BARBARA KNOWLTON, Petitioners, Respondents.

Fourth Department, May 4, 1938.

*Mann, Strang, Bodine & Wright* [*James Mann* of counsel; *John W. Branch* with him on the brief], for the appellants.

*Thomas & Wickes* [*John F. Thomas* of counsel], for the respondents.

CUNNINGHAM, J.   Mark D. Knowlton died intestate on March 2, 1906, leaving a widow and five children. On April 6, 1906, Anna D. Knowlton and Frederic K. Knowlton, daughter and son of the intestate, were appointed administrators of his estate. The intestate at the time of his death owed more than $100,000 to the Traders National Bank.

The assets left by the intestate consisted mainly of shares of stock in the Mark D. Knowlton Co. and the Auburn Ball Bearing Co. The administrators have never accounted.

The petition for compulsory accounting was presented by Elizabeth K. Knowlton, the wife of Frederic K. Knowlton, one of the administrators, and by their two children. The petition alleges that in May, 1906, the petitioner, Elizabeth K. Knowlton, and the widow and five children of decedent, entered into an agreement " in order to conserve and operate to the best advantage the assets left by the late Mark D. Knowlton for the benefit of us all," and agreed that they would assume the decedent's liabilities at the bank; that the businesses of the Mark D. Knowlton Co. and the Auburn Ball Bearing Co. should be run by the officers of the two companies who were the two administrators, and the petitioner, Elizabeth K. Knowlton. It was further alleged that the agreement provided that the money obtained from the businesses should be used to take care of the parties to the agreement and that the businesses should be continued so that the income derived therefrom could be used to the best advantage of all parties; that it was the desire of the parties to pay all the loans and debts of the late Mark D. Knowlton " eventually, but without undue haste, in order that the businesses may be properly conserved." It is also stated in the petition that the agreement provided that if children were born to Frederic K. Knowlton and Elizabeth K. Knowlton, such children should be parties to the agreement, and that the parties operated under such agreement for upwards of thirty years.

The petitioner, Elizabeth K. Knowlton, alleges that the dividends and salaries paid to her, totaling $108,869.31, were loaned by her to the administrators of the estate " to be used by them for the payment of the bank indebtedness of Mark D. Knowlton." It is clear that this is a conclusion not justified by the terms of the contract set up by petitioners because in that contract the coadventurers assumed the bank indebtedness of the intestate and, therefore, if any loan was made, it was made to the credit of the joint venture. The coadventurers, according to the agreement as set forth, agreed to conduct the businesses for the benefit of all the parties to the agreement.

The persons who are administrators of the estate and who are alleged to have signed that agreement could only have done so as individuals. (*Matter of Mathewson*, 210 App. Div. 572.) If the petitioners have any interest in any property, it is in the assets of the joint venture.

Certainly under this agreement and under the allegations of the petition, the petitioners did not acquire any interest in the shares of stock left by the intestate. If they are entitled to an accounting, it should be an accounting by the coadventurers as to the management of the joint venture.

It follows that the petitioners are not interested in the estate of the decedent and that, therefore, the decrees should be reversed on the law, with costs, and the petition dismissed, with costs. (*Matter of Mathewson, supra.*)

All concur. Present — SEARS, P. J., CROSBY, LEWIS, CUNNINGHAM and DOWLING, JJ.

Decrees reversed on the law, with costs, and petition dismissed, with costs.