S. Samuel Di Falco, S.
In this discovery proceeding the administrator petitions the court for a decree directing the respondent to deliver to the petitioner “ the property of the above named decedent in his possession, as more specifically set forth in the annexed stipulation”. It also prays that the respondent be directed to execute and deliver all of the instruments set forth in the stipulation. A question has been raised as to the jurisdiction of the court to entertain this discovery proceeding.
It is conceded that in 1957 the respondent (a son of the decedent) instituted a proceeding to examine the petitioner (his father), his sister and the latter’s husband, respecting an alleged will of the decedent. In the course of that proceeding, a stipulation of settlement was executed by the parties. The court was not asked to approve that stipulation, nor was any disposition made of the proceeding to compel production of the will. The stipulation is annexed to the petition herein. It was agreed in that instrument that the decedent at the time of her death was the owner of 25 shares of stock of Spenro Realty Co. Inc. and 5 shares of stock of 67 West 68th Street Corporation. It was agreed that respondent is the owner of other shares of stock, that petitioner, individually, is the owner of certain specified shares of stock and that each of the parties is the owner of all Totten trusts, bank accounts, United States savings bonds and other securities in the name of such party and the decedent, whether jointly or in any form indicating rights of survivorship. The agreement then provides for the distribution of the shares of stock among the three distributees. It disposes not only of the property said to be owned by the decedent but also of the property which the agreement recognized as belonging to the individuals. It provides for payment of sums of *862 money, execution of various instruments, arrangements for payment of taxes and retirement by each party from the corporate enterprises which he relinquished to the other. The agreement is a broad agreement of settlement and is obviously designed to settle not only the various claims of the parties in respect of this estate but also the conflicts among them in their own affairs.
The petitioner frankly states that he is endeavoring to enforce the agreement of settlement in its entirety. The petitioner’s position is that unless the entire agreement is enforced he cannot proceed in the administration of this estate. He contends that the estate’s interests are much broader than merely the shares of stock stated to be the decedent’s and that many of the other provisions in reality affect the estate administration.
The jurisdiction of this court in discovery proceedings has recently been reviewed by the ‘ Court of Appeals in Matter of Trevor (309 N. Y. 389). It is unnecessary to review it again here. It has long been a firmly established principle of law that a discovery proceeding would not lie to declare and enforce contract obligations. (See cases cited in Matter of Trevor, supra, and in Matter of Stiassni, 195 Misc. 668, 672.) Petitioner seeks not merely the recovery of specific property which belonged to the decedent; he demands equitable relief against respondent personally, requiring him to execute various instruments, pay the sums- specified in the agreement and perform the obligations assumed by him in the agreement. The authorities consistently deny to the Surrogate’s Court jurisdiction to grant such relief in discovery proceedings.
It is true that in an appropriate proceeding, the Surrogate has general equitable jurisdiction to enforce agreements for distribution of the assets of an estate. He has no jurisdiction over agreements between parties relating to other properties. (Matter of Mathewson, 210 App. Div. 572; Isaacs v. Isaacs, 208 App. Div. 61.)
The court understands the respondent as claiming no personal ownership or right to possession of the shares of stock conceded in the agreement to belong to the decedent. He amended his answer at the hearing to delete his original claim of ownership of such shares of stock. His only present claims respecting such stock are as legatee or distributee of the decedent. The decree herein may, therefore, provide for delivery to petitioner of any such shares as are in the possession of the respondent.
The discovery proceeding must in all other respects be dismissed.