Joseph A. Cox, S.
The application to compel the executor of this decedent’s estate to deliver the proceeds resulting from the sale of the stock of the co-operative apartment formerly held in the name of the decedent and his wife to the wife, the petitioner herein, is granted. From the stipulated facts submitted to the court there can be no question as to the petitioner’s *25 right to such funds. The proprietary lease and the stock which represented ownership of the co-operative apartment were purchased by the petitioner with her own funds. The said lease was assigned to Owen P. Jacobsen and Janet M. Jacobsen, his wife, and the stock was issued to Owen P. Jacobsen and Janet M. Jacobsen, his wife. To further indicate the intention of the parties a document was executed by the decedent and his wife setting forth that it was their intention to take title to the co-operative apartment as tenants by the entirety with right of survivorship.
This court in a recent case (Matter of Schlesinger, 22 Misc 2d 810) reviewed the question and concluded that even had the co-operative apartment been purchased with the decedent’s funds his wife would have rights of survivorship which would upon her husband’s death make her the owner of the apartment. Although section 66 of the Real Property Law expressly declares that every estate granted to two or more persons “ shall be a tenancy in common, unless expressly declared to be in joint tenancy ’ ’, and it has been held that section 66 of the Real Property Law applies to personal property as well as real property (Matter of Kimberly, 150 N. Y. 90, 93; Matter of Ebdon, 198 Misc. 531), this section has been held not to apply to property taken in the names of persons who are husband and wife (Matter of Polizzo, 308 N. Y. 517; Matter of Albrecht, 136 N. Y. 91; Matter of Kane, 246 N. Y. 498; Sanford v. Sanford, 45 N. Y. 723; Matter of Kaupper, 141 App. Div. 54).
The provisions of section 56-a of the Domestic Relations Law, which was enacted and became effective April 20, 1959, are not pertinent to the case at bar because this transaction preceded the effective date of the statute. Submit order on notice or consent accordingly.