John D. Bennett, S.
This is an appeal from a pro forma order fixing tax on report dated June 25, 1962.
The decedent and his wife purchased an interest in a co-operative apartment dwelling as is evidenced by certificate No. 1 of 625 shares of stock of Fifth & 63rd Street Corporation dated September 22, 1949. Said certificate bears the names of ‘ ‘ Ellis L. Phillips and Kathryn S. Phillips ” as holders of these shares.
The New York State estate tax has been determined on the basis of the existence of a tenancy in common between the parties. Kathryn S. Phillips is the widow of Ellis L. Phillips. The effect of this determination is to reduce the amount of the widow’s marital deduction.
Section 66 of the Real Property Law states as follows: “ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy. This section shall apply as well to estates already created or vested as to estates hereafter granted or devised.”
It has been held that section 66 of the Real Property Law applies to personal property as well as real property (Matter *381 of Schlesinger, 22 Misc 2d 810 and cases cited therein). Prior to the enactment of section 56-a of the Domestic Relations Law, effective April 20,1959, an exception to that section existed where the persons in whose names the property was taken were husband and wife and where the husband alone furnished the consideration, the result being that a presumption arises that the husband intended to give his wife only a right of survivorship (Matter of Schlesinger, supra).
The executors herein contend that the parties received title as joint tenants with the right of survivorship. On the basis of the facts in this case, the court cannot agree with the contention of the executors.
First, with respect to the exception to section 66 of the Real Property Law, the testimony of decedent’s personal secretary, and the only testimony on the subject, discloses that decedent and his wife each furnished one half of the consideration for the purchase of the stock in question. The source of the funds used by decedent’s wife was the proceeds of a certain paid insurance policy on decedent’s life given by him to his wife as a gift on December 24, 1937, some 12 years prior to the purchase of said stock. Accordingly, the funds used by the wife were funds belonging to her personally and could not give rise to the presumption that the decedent intended that she receive only the right of survivorship in this property.
The question remains as to whether the acquisition of the stock herein was expressly declared to be in joint tenancy pursuant to section 66 of the Real Property Law. Parol evidence is admissible on this point (Belfanc v. Belfanc, 252 App. Div. 453). Both the decedent’s personal secretary and the son of the decedent testified with respect to the intent of the parties. Much of this testimony refers to an intent of the parties as expressed to the decedent’s son and his personal secretary to the effect that the intent of the parties was that they receive joint ownership of the stock herein with the right of survivorship. At one point in the testimony of the decedent’s personal secretary, it is indicated that this matter was handled by the “ attorney for the apartment”. The executors rely on Belfanc v. Belfanc (supra) and Matter of Kaupper (141 App. Div. 54) as authority for the admission of parol evidence to prove the intent of the parties. This court has previously herein concurred with the holdings of these cases with respect to the admission of such testimony. However, in both of these cases the facts disclosed by clear and convincing evidence from the attorneys preparing the documents in question that it was the intent of the parties that rights of survivorship result and that such was the effect *382 intended in the preparation of said documents. The court does not find such facts present in this case by clear and convincing evidence. In the case at bar certainly an attempt to prove the intent at times prior to and after the execution of the stock certificate has been made, but no testimony or other proof has been offered as to what transpired at the time of the actual purchase of the stock or with respect to the instructions conveyed to the draftsman of the stock certificate. Further, even after the decedent’s son, a lawyer, had viewed the stock certificate, there is no reason advanced as to the failure to call to the attention of the parties the legal effect of the form of the stock certificate.
Therefore, the order fixing tax on report dated June 25, 1962, is hereby affirmed.