Morton B. Silberman, S.
Petitioner is sole executor and trustee under the will of Sehage Wachs, who died on February 10, 1963. Petitioner appears as attorney for himself herein. The only issue is the ownership of two mortgages, consolidated into one, on premises at Mohegan Lake, N. Y.
One of these mortgages had originally been made in the sum of $39,000 by decedent’s wife, Bose Wachs, in connection with her purchase of the premises from Swintex Bealty Co., Inc., in 1956. When Bose Wachs sold the premises in 1958 to Hago Holding Corp. the existing mortgage made by herself, then reduced to $16,993.56, was assigned to “Bose Wachs and Sehage Wachs ”, A new mortgage for $38,006.44 was made by Hago to “ Bose Wachs and Sehage Wachs, her husband”, and the two were consolidated into one mortgage for $55,000. At the same time Sehage Wachs subordinated to the $38,006.44 mortgage held by himself and his wife a 1951 mortgage held by him since 1954, which last-mentioned mortgage was paid off about three months later. Photostats of these documents are submitted, not included however the bond which must have accompanied the $38,006.44 mortgage. The assignment, new mortgage and consolidation agreement were all recorded in the Westchester County Clerk’s office on October 7,1958 at 12:20 p.m. in Liber 5960 of mortgages at pages 221, 207 and 225 respectively.
Hone of these instruments contains words of survivorship. Since the above-mentioned bond is not submitted, it must be assumed that it does not either. The widow, Bose Wachs, claims that the consolidated mortgages belong to her. Decedent’s son asserts that the effect of the above transactions was to create a tenancy in common.
The matter has been submitted on the executor’s petition, supplemental affidavit and exhibits, and affidavits submitted on behalf of the widow and the Son. Ho forppal answers have been *567 interposed nor has any .testimony been taken or offered. While denominated an application for advice and instructions, this proceeding can be considered as in substance and effect a discovery proceeding. Although there is here no formal stipulation to that effect, as there was in Matter of Grossman (134 Misc. 724, rev. 233 App. Div. 887) the conduct of the parties and their attorneys amounts to the same thing. It is apparent from the papers filed and from telephone conversations between all three attorneys and the' court staff that the attorneys want the matter decided on the present record.
The widow claims that she purchased the property with her own funds, and for the purposes of this opinion it will be assumed that this is so. In the view which the court takes of the matter the result is the same as if they had both contributed. (Grishaver v. Grishaver, 225 N. Y. S. 2d 924, 930, 931.) Moreover, even if both contributed to the 1956 purchase, it would have to be assumed that the premises became at that time the property of the wife since the deed ran to her alone.
Section 66 of the Real Property Law, which applies to personal property, provides: ‘ Every estate granted or devised to two or more persons in their own right shall be a tenancy in common, unless expressly declared to be in joint tenancy; but every estate, vested in executors or trustees as such, shall be held by them in joint tenancy. This section shall apply as well to estates already created or vested as to estates hereafter granted or devised.”
Extrinsic and even parol evidence of intent is admissible to prove that the parties were to hold the property otherwise than as tenants in common. (Matter of Kaupper, 141 App. Div. 54, affd. 201 N. Y. 534.) However, the intention of the wife is the thing to be looked for here. (Matter of Blumenthal, 236 N. Y. 448, 452.) Therefore the conflicting statements attributed to the husband in the petition, and in the affidavit of Irving Wachs, can be disregarded.
The widow does not claim that decedent was given an interest in the mortgages for convenience only or upon a resulting trust, and there is no evidence of any such arrangement. She bases her claim on the contention that, whichever died first, the other was to get them by survivorship.
The widow’s submission to the executor of Matter of Larmon (212 App. Div. 273) and Matter of Blumenthal (supra) suggests that she contends that the rule of Belfanc v. Belfano (252 App. Div. 453, affd. 278 N. Y. 563) and West v. McCullough (123 App. Div. 846, affd. 194 N. Y. 518) may apply to this situation. Under that rule, where the parties are husband and *568 wife and the sole source of the property or consideration is the husband, there is a presumption that he intended, by placing it in both names, to confer on the wife a right of survivorship only, with no present interest of ownership whatever. It is an exception to section 66 of the Real Property Law, and has been termed an anomaly and an anachronism. (Moskowitz v. Marrow, 251 N. Y. 380; Matter of Levinsky, 23 A D 2d 25, mot. for lv. to app. den. 16 N Y 2d 484; Russo v. Russo, 218 N. Y. S. 2d 413; 1959 Report of N. Y. Law Rev. Comm., p. 361 et seq.). The exception has been abolished by section 56-a of the Domestic Relations Law, now section 3-311 of the General Obligations Law, which however does not affect an antecedent transaction (L. 1959, ch. 580, § 2; General Obligations Law, § 1-203 subd. 5), which this was.
Matter of Polizso (308 N. Y. 517, mot. for rearg. den. 309 N. Y. 754, cert. den. sub nom. Tymann v. Wright, 350 U. S. 911) also cited by the widow, is not helpful to her position. On the contrary, it held that the Belfanc rule did not apply to the reverse situation in which the consideration came from the wife. (See, also, Grishaver v. Grishaver, supra.) The Polizso case must be deemed to have overruled Matter of Luippold (146 Misc. 46, also cited by the widow) to the extent that the latter case held the contrary. The reasoning of the Luippold case resulted from a misunderstanding of the Blumenthal case (supra) cited therein. The court in Matter of Luippold interpreted the Blumenthal case as saying that survivorship would follow if it were known that the entire consideration came from either party. In the Luippold case there was also testimony as to the intention of the parties.
Reference to the Larmon case (supra) cited in the petition, will show that the mortgages involved in the proceeding were apparently all purchased with the husband’s funds. This case is therefore not in point.
Another case cited in the petition (Matter of Jacobsen, 24 Misc 2d 24) is not in point because there the husband and wife had signed a document providing specifically for survivorship.
By elimination, the question narrows to whether a true joint tenancy has been created, as against a tenancy in common. Under the statute (Real Property Law, § 66) the proof of a contrary intention must be clear and convincing, or a tenancy in common will be decreed. In Matter of Walker (195 Misc. 793, 798) Surrogate Page said, referring to this section: “No statute has ever been taken more seriously and more thoroughly effectuated by courts. In every case in which any reasonable doubt appeared,- any ambiguity, as between a joint *569 tenancy and tenancy in common, the courts have resolved all such questions in favor of the latter form of ownership. ’ ’ The court cited Overheiser v. Lackey (207 N. Y. 229), as a case (p. 799) “as extreme in the direction of a tenancy in common as any that might be found”, and said (p. 801) that “A determination of the creation of a tenancy in common in the present case would seem to extend the doctrine of Overheiser v. Lackey (supra) much further than the Court of Appeals indicated it would be willing to go.” Nevertheless the Appellate Division in Matter of Walker (277 App. Div. 811) modified and held that a tenancy in common was created.
The only direct evidence of the wife’s intent here is her own affidavit in which she states in substance that at the time of the transaction she told her lawyer, Mr. Goldman, that she intended to put the mortgage in both names with survivorship, and the affidavit of Mr. Goldman to the same effect, made almost six years after the event (cf. Matter of Post, 132 Misc. 209, affd. 224 App. Div. 830, 859). The question immediately presents itself: if this was the intention, why was it not done in so many words back in 1958 when it would be less self-serving than now? It would have been so simple to insert the phrase “ as joint tenants, with right of survivorship.” (See Matter of Phillips, 37 Misc 2d 380, affd. 19 A D 2d 743.)
The husband being deceased, his testimony is no longer available as to what the wife may have said at the time, and we encounter another rule requiring clear and convincing evidence in a transaction involving a deceased person. Thus care and caution is doubly mandated here before a joint tenancy can be found.
There is nothing intrinsically improbable about the wife’s intending a tenancy in common rather than a joint tenancy herein, or having no specific intention in that regard, which would have the same result. In fact she did not have to give her husband any interest at all, but apparently chose to do so. In the absence of wording signifying a right of survivorship, as in the instant case, if the wife had predeceased the husband, would not the wife’s estate now strongly argue for a tenancy in common?
A rather paradoxical twist is the fact that if the consideration had come solely from the husband, the wife presumptively would have become entitled to the mortgages by survivorship under the Belfanc rule. (Cf. Collins v. Collins, 237 N. Y. S. 2d 129.)
On the papers submitted, the court is unable to find that an intention on the part of the wife to create a joint tenancy *570 in the consolidated mortgages has been adequately proven, and is constrained by force of section 66 of the Real Property Law to hold that the effect of the transaction was to create a tenancy in common.