In re Paul LEVENHAR, Debtor.

Ira S. GREENE, as Trustee of Paul Levenhar, Debtor, Plaintiff,

v.

Paul and Miriam LEVENHAR, Defendants.

Bankruptcy No. 181–11670–21.

Adv. No. 182–0112–21.

United States Bankruptcy Court, E.D. New York.

Oct. 26, 1982.

Gainsburg, Gottlieb, Levitan & Cole, New York City, for trustee-plaintiff; Ira S. Greene, New York City, Trustee, of counsel.

Sidney S. Bobbe, New York City, for defendants.

OPINION AND ORDER

CECELIA H. GOETZ, Bankruptcy Judge:

Pending before this Court is a motion for summary judgment by the defendants Paul and Miriam Levenhar in this adversary proceeding brought by the trustee in bankruptcy of Paul Levenhar. Paul Levenhar filed a petition for relief under Chapter 7 of the Bankruptcy Code on May 18, 1981. His wife, Miriam Levenhar, has not filed for bankruptcy. Paul and Miriam Levenhar are the owners of shares and hold a proprietary lease on a cooperative apartment located at 252–42 58th Avenue, Little Neck, New York 11362 (the "Co-op"). The relief sought in the adversary proceeding is the right to sell the Co-op pursuant to § 363(h) of the Bankruptcy Code (11 U.S.C. § 363(h)) free and clear of the interest of the debtor's co-owner.

The complaint alleges upon information and belief that there are no liens on the defendants' interest in the Co-op; that its market value is equal to, or greater than, $46,000; that Paul Levenhar's interest has a value of at least $23,000; and that after subtracting the $10,000 homestead exemption claimed by the debtor, the interest of the bankruptcy estate in the Co-op is at least $13,000. The complaint goes on to allege that partition in kind among the estate and the co-owner is impractical, that sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such proper-

ty free of the interest of the co-owner, and that the benefit to the estate of such sale of such property free of the interest of the co-owner outweighs the detriment, if any, to such co-owner.

Section 363(h) of Title 11 is new to bankruptcy law. Subsection (h) of 11 U.S.C. § 363 permits sale by the trustee of both the estate's interest and the interest of any co-owners in property in which the debtor had an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, if three conditions are met: (1) partition in kind of such property among the estate and the co-owners is impracticable (§ 363(h)(1)); (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than sale of such property free of the interests of the co-owners (§ 363(h)(2)); and (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs any detriment ensuing from such sale to the co-owners (§ 363(h)(3)).[1]

The legislative history of the Code establishes that § 363(h) of the Code was inserted to permit the sale of marital property, like that here involved. One of the aspects of the pre-Code law which was criticized by the Commission on the Bankruptcy Laws of the United States was the difficulty experienced in handling jointly-owned marital property. To deal with the problem, the statute proposed by the Commission which evolved into the present Code defined "property of the estate" broadly so as to embrace an estate by the entirety. H.R. Doc. No. 93–137, 93d Cong., 1st Sess. (Part I), p. 195, (Part II), p. 147. The proposed statute also contained an earlier version of § 363(h)[2] described as follows by the Commission:

"The ability to dispose of the property [the right to an undivided interest] is dealt with by a separate provision in the proposed Act allowing the trustee of either spouse to sell both the debtor's and his spouse's interest in nonexempt property, if owned by the entirety, as tenants in common, or joint tenants. The spouse who is not a debtor in a case under the proposed Act is sufficiently protected by the requirement that the net proceeds of the sale attributable to the spouse's interest, after deducting all direct expenses of the sale, exclusive of any compensation for the trustee, be disbursed to such spouse." H.R.Doc. No. 93–137, 93d Cong., 1st Sess. (Part I), p. 196 (1973).

Thus, the Code was very deliberately drafted to permit sale of the nonfiling spouse's interest by the trustee so as to realize the maximum from the filing spouse's property.

## THE MOTION TO DISMISS

The complaint as originally filed alleged that the defendants held the Co-op as tenants by the entirety. On March 12, 1982, defendants moved to dismiss the complaint on the ground that the Code does not authorize sale of a wife's interest in a tenancy by the entirety. That argument was grounded on § 522(b)(2)(B) of the Code, which permits certain exemptions from the debtor's estate, including any interest in property "as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant *is exempt from process under applicable nonbankruptcy law.*" (Emphasis supplied.) Defendants also argued that if the Code were construed as permitting sale of the wife's interest, grave questions of constitutionality would be raised which, under well-known canons of statutory construction, should be avoided by reading the Code as not permitting the proposed sale. At the argument of the

---

**1.** Section 363(h)(4), inserted to protect public utilities from being deprived of power sources as the result of the bankruptcy of a co-owner, imposes a fourth condition: that sale of the co-owner's interest is permitted only if "such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat,

light, or power." This limitation was added as a "compromise measure shortly before enactment" of the Bankruptcy Reform Act. 2 *Bkr-L Ed.,* Code Commentary and Analysis, § 15.42.

**2.** Section 5–203 of the proposed Bankruptcy Act of 1978, H.R.Doc. No. 93–137, *supra,* at 190–91 (1973).

motion, the trustee indicated that he might wish to amend the complaint to change the allegation that the defendants held as tenants by the entirety to an allegation that they held as tenants in common because he had concluded that the defendants' interest in the Co-op was personalty, and, therefore, incapable of constituting a tenancy by the entirety. Accordingly, the Court reserved decision on the motion to dismiss pending reception of an amended complaint. The motion to dismiss is now denied.

### THE MOTION FOR SUMMARY JUDGMENT

The trustee then filed an amended complaint in which he alleged in paragraph 6 that the Co-op was purchased by defendants as "tenants in common." However, paragraph 2 of the complaint continues to describe the defendants as owning the Co-op as "tenants by the entirety."

Defendants answered the complaint, denying the critical allegations of the complaint, including the allegation that the defendants purchased the apartment as "tenants in common." In addition, Miriam Levenhar objected to the jurisdiction of this Court over her person and over the subject matter of the complaint.

Thereafter, defendants moved for summary judgment, pursuant to FRCP 56, which is made applicable to adversary proceedings by Bankruptcy Rule 756, "on the ground that the cause of action alleged is without merit." The motion was described as predicated on the affirmation of Sidney S. Bobbe, Esq., the proprietary lease of the defendants, and the bylaws of Deepdale Gradens [sic] First Corporation, together with the defendants' accompanying certificate of stock and the bylaws of the said corporation. None of these papers, except the affirmation of Sidney S. Bobbe, Esq., was annexed to the moving papers. The notice of motion stated that the other papers would be submitted on the hearing date. The affirmation of Mr. Bobbe, counsel for the defendants, pointed to provisions in the lease and in the bylaws which he contended established that the defendants

held the Co-op as tenants by the entirety, and that even if they did not, the tenancy was a joint tenancy, and that neither a tenancy by the entirety, nor a joint tenancy, could be sold by the trustee.

Local Rule 22(b) of the Local Rules of the United States Bankruptcy Court for the Eastern District of New York requires that upon a motion for summary judgment, "there shall be annexed to the notice of motion a separate short and concise statement of the material facts as to which the moving party contends there is no genuine issue to be tried." The motion papers did not comply with Rule 22.

At the hearing on the motion, Mr. Bobbe produced copies of the documents referred to in his motion papers, including a copy of the proprietary lease in which the lessees were described in typewriting as "Paul Levenhar and Miriam Levenhar, Tenants by the Entirety." The trustee objected to the reception of this document by the Court, asserting that its authenticity was not acknowledged. He went on to explain that examination of the defendants was desired with respect to the circumstances under which the typewriting had been inserted in the document. The Court denied the motion for summary judgment on the ground that there were disputed issues of fact.

Thereafter, Mr. Bobbe wrote a letter to the Court in the hope, as he stated:

"that I can convince you that you erred, both in sustaining the trustee's objection [to the production of the co-operative lease] and in denying my request for an adjournment when I could produce the affidavit of the debtor as to the authenticity of the documents as well as to give the trustee the opportunity to take the deposition of the debtor on that subject."

The letter set forth various facts which Mr. Bobbe claimed demonstrated that the trustee had waived any possible objection to the authenticity of the documents. Apparently, Mr. Bobbe has supplied the trustee at various times with a copy of the defendants' lease which Mr. Bobbe had compared with the original and the trustee has never returned that copy to Mr. Bobbe, nor "has he

at any time questioned its authenticity nor asked for the opportunity to take any deposition of the debtor or anyone else." Mr. Bobbe writes that he was astonished that, notwithstanding, he was met for the first time, on the argument for summary judgment with an objection to the authenticity of the lease. Accordingly, Mr. Bobbe requests the Court "to fix a date for the continuance of the motion [for summary judgment] so that I can then produce the necessary affidavit of my client and give the trustee a reasonable opportunity to take his deposition in the meanwhile."

To the extent that the letter can be deemed a motion to reconsider the order of the Court denying the motion for summary judgment, the motion for reconsideration is denied. For the reasons hereinafter set forth, there is an issue of fact as to the nature of the title held by the defendants. Apart from that issue of fact, other issues are raised by the pleadings, one being the market value of the co-operative.

To the extent that the letter can be deemed an application to defer ruling on the motion, or to reopen such ruling, for the purpose of permitting affidavit proof as to the authenticity of the document, and to provide the trustee an opportunity for discovery, it is also denied. Affidavits and discovery are no substitute for trial. In this connection, the following observations made by the trustee with reference to the document proffered by the defendants are relevant. Mr. Greene said:

> " * * * I have examined a copy of the [stock] certificate. I have never seen the original. I see everything on there being in solid caps, in their proper place, except typed up, in lower case, *where it doesn't belong,* underneath the line is 'tenant by the entirety.' I got a copy of a proprietary lease, where everything is written in one color blue ink and then where it says the line with their names and ownerships by tenants of the entirety, it is obviously *a different handwriting and different ink.*" (Emphasis supplied.) (Tr., hearing of Aug. 3, 1982, at 7.)

The issues of fact alluded to by the trustee as to the circumstances under which the words "Tenants by the Entirety" were inserted in the stock certificate and in the proprietary lease are issues which cannot be resolved without a trial.

The reception by the trustee of copies of these documents, without objection, did not waive his right to require their authenticity to be proved at a trial. If Mr. Bobbe sought to have the trustee acknowledge the genuineness of these documents, he should have complied with FRCP 36, made applicable by Bankruptcy Rule 736.

## DISCUSSION

■ Whether or not strictly necessary to the disposition of the motions now before the Court, some discussion of the relevant law appears appropriate.

Defendants' position, as noted earlier, is that their interest in the co-op is held by them as tenants in the entirety, or, at worst, as joint tenants. Invoking *Matter of Jacobsen,* 24 Misc.2d 24, 203 N.Y.S.2d 176 (Surrog. Court N.Y. Co., 1960), they argue that a tenancy by the entirety may properly be granted in the lease of a co-operative apartment. A lease, they say, is a chattel real, not personalty, like movables. But if it is not a tenancy by the entirety, then, they contend, it is a joint tenancy and also exempted from sale by the trustee.

As appears from the defendants' motion to dismiss, they also contend that if the Co-op is held by them as tenants by the entirety, the husband's interest does not constitute property of the estate because of the exemption given by § 522(b)(2)(B).

■ Whether or not the husband's interest is that of a tenancy by the entirety, a joint tenant, or a tenant in common, his interest passed to the trustee in bankruptcy when he filed. This was as true under the Bankruptcy Act of 1898, as amended, as under the Code. Under the Act, this result followed from local law. The governing principles were succinctly stated by the Second Circuit in a *per curiam* opinion:

"Husband and wife had an estate by the entirety under New York law, with the husband's interest liable to be taken on execution (subject to her right of survivorship) and hence passing to the trustee in bankruptcy. *Hiles v. Fisher,* 144 N.Y. 306, 39 N.E. 337, 30 L.R.A. 305; *Finnegan v. Humes,* 252 App.Div. 385, 299 N.Y.S. 501, *affirmed* 277 N.Y. 682, 14 N.E.2d 389; *A.L. Bazzini Co. v. Cappelini,* 282 App.Div. 705, 122 N.Y.S.2d 115; Bankruptcy Act § 70, sub. a(5), 11 U.S.C. § 110, sub. a(5); 4 *Collier on Bankruptcy* 1039 (14th Ed. 1942)." *Rothschild v. Lincoln Rochester Trust Co.,* 212 F.2d 584, 585 (2d Cir.1954).

Under the Code, an estate by the entirety held by a New York resident likewise passes to his trustee in bankruptcy. 11 U.S.C. § 541 defines "property of the estate" as including, with exceptions not here relevant, "all legal or equitable interests of the debtor in property as of the commencement of the case." This language incorporates into the bankruptcy estate a debtor's interest in property held as a tenant by the entirety. *In re Ford,* 3 B.R. 559, 6 B.C.D. 202, 1 C.B.C.2d 840 (Bkrtcy.D.Mo.1980), *aff'd,* 638 F.2d 14 (4th Cir.1981); *In re Weiss,* 4 B.R. 327, 6 B.C.D. 431, 2 C.B.C.2d 426 (Bkrtcy.S.D.N.Y.1980); *In re Koehler,* 6 B.R. 203, 6 B.C.D. 1126 (Bkrtcy.M.D.Fla. 1980); *In re Barsotti,* 7 B.R. 205, 6 B.C.D. 1295, 3 C.B.C.2d 306 (Bkrtcy.W.D.Pa.1980); *In re Trickett,* 14 B.R. 85, 5 C.B.C.2d 85 (Bkrtcy.W.D.Mich.1981). In some jurisdictions, however, an estate by the entirety is taken out from the bankruptcy estate by virtue of § 522(b)(2)(B) which permits a debtor to exempt "any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.*" (Emphasis supplied.) Thus, for example, in Tennessee and in Missouri, an estate by the entirety is immune from process under local law and, hence, comes under the exemption created by § 522(b)(2)(B). *Ray v. Dawson,* 14 B.R. 822, 8 B.C.D. 273, 5 C.B.C.2d 404 (E.D.Tenn. 1981); *In re Ford, supra.* But no such immunity attaches under New York law. In New York, as the Second Circuit recognized in *Rothschild v. Lincoln Rochester Trust Co., supra,* the interest of a tenant by the entirety is subject to the lien of a judgment and may be sold under execution. Therefore, as Bankruptcy Judge Howard Schwartzberg of the Southern District of New York, and Bankruptcy Judge Boris Radoyevich of the Eastern District of New York, have already held, § 522(b)(2)(B) has no application to the estate by an entirety held by a New York resident and his interest remains property of the estate. *In re Weiss, supra; Trustee v. Feola (In re Feola),* 22 B.R. 81 (Bkrtcy.E.D.N.Y.1982).

Where the Code differs from the Act in respect to an estate by the entirety is that for the first time, the trustee is given the right to sell the nonfiling spouse's interest in property held in common with the filing spouse. As already noted, 11 U.S.C. § 363(h) permits the sale of the entirety interest of both husband and wife where certain conditions are met. The applicability of § 363(h) to marital property held by New York residents has already been recognized. *In re Weiss, supra; Trustee v. Feola, supra.*

■ Defendants urge that § 363(h) is unconstitutional, but that issue should not be addressed in a vacuum. Obviously relevant to that issue is the precise nature of the tenancy held by the defendants. Although the defendants urge strenuously that their estate is one held by the entirety, the trustee has marshalled persuasive authority that as a matter of law, it cannot be such a tenancy because the property involved is personalty, not realty, and there cannot be a tenancy by the entirety in personalty. *Sebel v. Williams,* 88 Misc.2d 411, 388 N.Y. S.2d 494 (Civil Ct. Queens Co.1976) (and cases there cited); *Matter of Miller,* 205 Misc. 770, 130 N.Y.S.2d 295 (Surrog.Ct. New York Co.1954).

In *State Tax Comm. v. Shor,* 43 N.Y.2d 151, 400 N.Y.S.2d 805, 371 N.E.2d 523

**336**

(1977), the New York Court of Appeals, in discussing the ownership interest of a tenant shareholder, said:

"[W]here priorities of judgment creditors are involved, the stock certificate and lease involved in the typical cooperative apartment transaction fit better, legally and pragmatically, although within imperfect linguistic formulation, into the statutory framework governing personal property." *Id.,* at 154, 400 N.Y.S.2d 805, 371 N.E.2d 523.

No reasons of policy suggest themselves as to why the rule should be any different for general creditors than for judgment creditors.

Defendants place too much reliance on *Matter of Jacobsen, supra,* 24 Misc.2d 24, 203 N.Y.S.2d 176 (Surrog.Ct.N.Y.Co., 1960), which followed *Matter of Schlesinger,* 22 Misc.2d 810, 194 N.Y.S.2d 710 (Surrog.Ct.N.Y.Co., 1959). These cases hold no more than that, although an interest in a co-operative apartment is personalty, where the persons in whose names the property was taken were husband and wife, a presumption arises that the husband intended to give the wife a right or survivorship. Neither case holds that the property is realty, or that a tenancy by the entirety came into being. Moreover, the presumption that a right of survivorship is intended in such circumstances has been done away with Domestic Relations Law § 56–a, now General Obligations Law § 3–311. The courts in both cases explicitly noted that the transaction before them took place before the change in the law effective April 20, 1959.

Section 3–311 of the General Obligations Law reads in part:

"An instrument or transaction which does not create a right or survivorship in personal property between persons who are not husband and wife shall not create a right of survivorship in personal property between persons who are husband and wife."

Since there cannot be an estate by the entirety in personalty, and since the property here involved is personalty, what the defendants possess is either a joint tenancy or a tenancy in common. The exact nature of their interest cannot be determined until after trial. It will be time enough when all the facts are known to reach the question whether any constitutional issue is raised by the trustee's efforts pursuant to 11 U.S.C. § 363(h) to realize for the benefit of the debtor's creditors the value of his interest in the co-operative apartment he shares with his wife.

Pending determination of these motions, no trial date has been set. The matter is now being set down for trial before the undersigned Bankruptcy Judge on December 2, 1982 at 2:00 p.m. in Courtroom 304, United States Courthouse, 225 Cadman Plaza East, Brooklyn, New York 11201. That date should permit completion of whatever discovery is still needed.

SO ORDERED.