AMERICAN STATE TRUST CO. OF DETROIT *v.* ROSENTHAL.

1. RECEIVERS—RECEIVER PROPERLY DENIED.

Motion to appoint receiver to collect rents and profits and apply them on judgment, *held,* properly denied, as against defendant who was not served either with process or notice of motion, and against whom no allegations of necessity for receivership were made.

On liability of estate by entireties for husband's debts, see annotation in 36 L. R. A. (N. S.) 205.

2. Husband and Wife—Estates by Entireties—Rents Not Sub-
     ject to Levy by Husband's Creditors.

> Rents and profits of entirety property are not subject to levy by
> husband's creditors, except in special instances provided by
> statute.

Appeal from Wayne; Brennan (Vincent M.), J.
Submitted May 26, 1931.   (Calendar No. 35,699.)
Decided June 25, 1931.

Bill in aid of execution by American State Trust
Company, guardian of the estate of Ida Rosenthal,
a mentally incompetent person, against Isaac Rosen-
thal and others.   From order denying motion to
appoint a judgment creditor receiver, plaintiff ap-
peals.   Affirmed.

*Maurice M. Moule* (*Victor H. Wehmeier,* of coun-
sel), for plaintiff.

*Bryant, Lincoln, Miller & Bevan,* for defendant
Mollie Rosenthal.

Fead, J.   Plaintiff has a judgment against Isaac
Rosenthal.   Execution levy was made on property
conveyed by Rosenthal and wife to defendant Fanny
Freedman.   Plaintiff filed bill in aid of execution to
set aside the Freedman deed as in fraud of cred-
itors.   The bill also alleged that Rosenthal and wife
owned several pieces of property as tenants by the
entireties, that Rosenthal is entitled to the rents and
profits therefrom, and prayed that a receiver be ap-
pointed to collect such rents and profits and apply
them on the judgment.   Motion was made for ap-
pointment of a receiver pending suit to collect rents
from all the property described.   The court denied
the motion without stating reasons therefor.

The record does not show that defendant Freedman was served either with process or with notice of the motion, and the bill contains no allegations of the necessity for a receivership as against her. The motion as to her was properly denied.

In *Dickey* v. *Converse,* 117 Mich. 449 (72 Am. St. Rep. 568), it was held that crops raised on land owned by the entireties are not subject to execution levy on judgment against the husband. In *Morrill* v. *Morrill,* 138 Mich. 112 (110 Am. St. Rep. 306, 4 Ann. Cas. 1100), it was held that the husband has the exclusive right to dispose of growing crops and use the proceeds as he sees fit. In *Way* v. *Root,* 174 Mich. 418, it was held that the husband has the "control, use, rents, and profits of an estate by entirety," and may collect them by suit in his own name. The logical application of the ruling in *Way* v. *Root* would sustain the right of the husband's creditors to levy on the rents and profits. But, as is pointed out in *Morrill* v. *Morrill,* tenancy by entirety is itself anomalous, and the rulings on the rights thereunder are of the same character. The later cases do not overrule or modify *Dickey* v. *Converse,* but, on the contrary, carefully suggest that the husband's creditors have no remedy against the rents. In *Morrill* v. *Morrill* it was said:

"While the wife has such an interest in these crops that they cannot be taken on an execution against her husband, such interest does not interfere with his power of management, disposition, and control."

The courts in other States treat the tenancy and rights arising out of it in a variety of ways. Under the decisions of this court, the rents and profits of entirety property are not subject to levy by the hus-

band's creditors, except in special instances provided by statute.

Affirmed, with costs.

BUTZEL, C. J., and WIEST, CLARK, McDONALD, POTTER, SHARPE, and NORTH, JJ., concurred.