Benjamin Zipper, J.
Respondent and Ms wife were tenants by the entirety of the premises involved herein, a one-family house. Respondent’s interest in the premises was sold by virtue of an execution to the Viking Supply Corporation, petitioner’s grantor. The petitioner in his petition requests that a final judgment be made awarding petitioner and the co-owner (respondent’s wife) possession of the premises and that a warrant issue to remove the respondent from possession of the premises.
With reference to the relief requesting the award to petitioner and the co-owner of possession, such relief is not warranted in this proceeding. Petitioner’s cause of action should be one of ejectment against the respondent and cotenant, upon showing of an ouster, or some other act amounting to a total denial of petitioner’s right in the premises.
Section 633 of the Real Property Actions and Proceedings Law reads as follows: “ Where an action is brought by a tenant in common or a joint tenant against his co-tenant, the plaintiff, besides proving his right, shall also prove that the defendant actually ousted him or did some other act amounting to a total denial of his right.”
In the case before the court, the cotenant is not party defendant nor has the petitioner alleged any ouster by the cotenant.
Section 713 of the Real Property Actions and Proceedings Law sets forth the grounds for summary proceeding where no landlord and tenant relationship exists and states that a proceeding may be maintained after a 10-day notice to quit has been served where the property has been sold by virtue of an execution and a title under the sale has been perfected.
Section 721 sets forth that the purchaser upon the execution of a foreclosure sale or any subsequent grantee may maintain summary proceeding. It is my opinion that the afore-mentioned sections were intended to be used in those cases where property has been sold on an execution where the judgment debtor (former owner) is the sole possessor and occupant of the premises and refuses to allow the purchaser to enter into possession. *395 Here the petitioner is seeking to remove the husband of a cotenant who may be considered a guest of the said cotenant.
The law is well settled that a husband’s interest in a tenancy by the entirety is subject to a sale under execution upon a judgment against him, and that the purchaser at such sale is entitled upon showing of an ouster to maintain an action of ejectment to secure joint possession of the premises with the wife and is lawfully entitled to share with her the occupancy and use thereof. (Hiles v. Fisher, 144 N. Y. 306; Finnegan v. Humes, 163 Misc. 840, affd. 252 App. Div. 385, affd. 277 N. Y. 682; Infante v. Sperber, 187 Misc. 9, affd. 271 App. Div. 896.)
A purchaser of the interest of one tenant by the entirety becomes a tenant in common with the other subject to the other tenant’s right to survivorship and is entitled to share in the rents and profits as well as the use and occupancy of the premises.
In Hiles v. Fisher (supra) it was held that the sale created a tenancy in common of the rents and profits of the estate, not of the occupancy thereof. In Finnegan v. Humes (supra) the court followed the Hiles decision and further stated that there being no rents and the whole premises being in possession of the wife, the incongruities, embarrassment and absurdities of any other holding there need not be gone into. The court went on to hold that by reason of the wife’s estate by the entirety, she was entitled to occupy the real property and the whole of it; to the exclusion, during her natural life, of the purchaser on the execution sale of her husband’s interest, so long as there are no rentals received therefrom; that she was not a tenant in common with occupancy with the purchaser at the execution sale. The court further stated that there was no ouster which would lay the foundation of an action of ejectment and that the wife’s right to occupy the whole of the property is unaffected by the judgment of the sale thereunder.
Bach tenant in common holds his title and interest independently of the other tenant in common. One tenant in common may have full possession of the whole estate as long as he does no harm to another and each being seized of each and every part of the land and each has a right of enjoyment of it so long as the tenant in possession does not hold the other tenants out or deprive them of the occupancy of the estate. (Austin v. Ahearne, 61 N. Y. 6; Valentine v. Healey, 178 N. Y. 391.)
In light of the foregoing principles, respondent wife having an independent interest in the premises, it follows that she would be entitled to have her husband or any other guest reside with her.
*396 Respondent in the instant matter is not a tenant, trespasser or intruder, but merely living in the premises as the husband, guest and invitee of the cotenant. Inasmuch as a tenant in common may transfer, devise, convey, lease, mortgage or otherwise incumber his interest in the land without seeking the consent or joinder of the cotenant to the transaction, there is no reason why a cotenant cannot invite anyone to live with him or her upon the premises.
In the case of Fine v. Scheinhaus (202 Misc. 272) a husband sought to dispossess his wife, a tenant by the entirety, and his mother in law. The court held that tenants by the entirety as well as tenants in common each having a right to possession, one could not evict the other from the premises without showing an ouster. The court further held that although the provisions of section 1004 of the Civil Practice Act now section 633 of the Real Property Actions and Proceedings Law, do not include the expression “ tenant by the entirety ”, it refers to the rights of cotenants, and the court found that the husband could not succeed unless he actually proves that his wife and mother in law have ousted him from possession. Each being entitled to possession of the house, the wife was legally entitled to permit her mother to share possession of the house with her.
Section 50 of the Domestic Relations Law states that property, real or personal, now owned by a married woman shall continue to be her sole and separate property as if she were unmarried and shall not be subject to her husband’s control or disposal or be liable for his debts. Respondent is not a tenant of the premises nor has he control over same. Possession and occupancy of the premises is wholly with the wife and respondent has no interest therein except as a husband of the true owner and, incidentally, possessed by him as the husband of the true owner with whom he lives.
With reference to the relief requesting the award to petitioner and co-owner of possession of the premises, such relief is not warranted in these proceedings, unless the co-owner joined in the proceedings as a petitioner.
With reference to the relief requesting that a warrant issue to remove the respondent from the premises, the granting of such relief would certainly be against the public policy.
The petition is accordingly denied.