**In re Harold WEISS, Debtor.**

**Bankruptcy No. 80B20077.**

United States Bankruptcy Court,
S. D. New York.

May 22, 1980.

328

Goldstein & Zucker, New York City, for debtor.

Jeffrey L. Sapir, Yonkers, N. Y., standing trustee.

DECISION INVOLVING AN ASSERTED
BIFURCATION OF THE OTHER-
WISE INSEPARABLE PROPERTY
INTERESTS OF TENANTS BY THE
ENTIRETY.

HOWARD SCHWARTZBERG, Bank-
ruptcy Judge.

This case involves an asserted bifurcation of the otherwise inseparable property inter-

ests of tenants by the entirety under New York law with a view to propounding an enlargement of the exemption under Code § 522(b)(2)(B). The exemption claimed relates to the Chapter 13 debtor's interest in a tenancy by the entirety with his non-debtor spouse in their home, which the debtor values at $85,000.

The debtor's claimed exemption was timely objected to by the Chapter 13 standing trustee at the confirmation hearing scheduled the same day as the § 341 meeting. The trustee also objected to confirmation of the debtor's Chapter 13 plan on the ground that if he could sell both the debtor's interest and the interest of the non-debtor spouse as tenants by the entirety, in accordance with the provisions under Code § 363(h), the debtor's plan could not be confirmed because the value to be distributed under the plan would be less than the amount that would be paid if the estate were liquidated under Chapter 7. A prerequisite to confirmation of a Chapter 13 plan, as expressed in Code § 1325(a)(4), is that the value of the property to be distributed under the plan may not be less than the amount that would be paid if the estate of the debtor were liquidated under Chapter 7. The amount that the trustee might realize for the estate pursuant to a sale under Code § 363(h) hinges on an ascertainment of the dimensions of the debtor's claimed exemption with respect to his tenancy by the entirety.

The debtor filed his petition for relief pursuant to Chapter 13 of the Bankruptcy Reform Act of 1978. The debtor's plan provides that after payment of all claims entitled to priority, the unsecured creditor's are to receive one (1%) per cent of filed and allowed claims, together with a pro rata share of any amount of proceeds recovered by the debtor arising out of a claim against the debtor's former employer against whom an order for relief under the Bankruptcy Reform Act of 1978 had been granted on March 25, 1980. The debtor's Chapter 13 Statement indicates unsecured debts of ap-

proximately $183,000. The non-exempt assets, exclusive of the tenancy by the entirety in question, total $1,115. The Chapter 13 plan provides for the payment of sixty ($60) dollars per month out of an available eighty-five ($85) dollars per month, being the excess of estimated future monthly income over future living expenses.

■ Initially it should be observed that Code § 1325(a)(4) provides that a confirmation of a Chapter 13 plan requires that the distribution under the plan to "allowed" claims be not less than the amount such claims would receive in liquidation.[1] This comparison presents some difficulties where the Code § 341 meeting of creditors and the confirmation occur on the same day. Bankruptcy Rule 13–302, which apparently continues to maintain its vitality, prescribes that unsecured claims "must be filed within 6 months after the first date set for the first meeting of creditors . . .". Therefore it is conceivable that the debtor's unsecured creditors may file allowed claims within 6 months after confirmation. Unless Chapter 13 confirmations are held six months after the Code § 341 meeting of creditors, or unsecured creditors are required to file their claims at or before the confirmation hearing, a reading of Code § 1325(a)(4) will require interpretation of the word "allowed" on an ad hoc basis. Thus, the test to be applied at a Chapter 13 confirmation hearing held the same day as the Code § 341 meeting of creditors would involve a comparison of the property to be distributed under the plan with the amount to be paid to creditors in the event of liquidation at that time and not six months later. Therefore, in weighing the trustee's objection to the debtor's claimed exemption for purposes of focusing on the comparative distributions under Chapter 13 or Chapter 7, the term "allowed" will be deemed to refer to the "allowed" claims as of now.

The debtor's clever and beguiling assertion that he is entitled to exclude his interest as a tenant by the entirety in a home with an admitted equity of $70,000 as an exemption requires that he eschew the Federal alternative exemptions delineated under Code § 522(f). Accordingly, the debtor chose the state alternative. However, the debtor did not refer to the $10,000 Homestead exemption under § 5206(d) of the New York Civil Practice Law and Rules, as permitted under Code § 522(b)(2)(A). Instead, the debtor predicated his exemption on Code § 522(b)(2)(B), which provides as follows:

"(B) [A]ny interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant *to the extent that such interest* as a tenant by the entirety or joint tenant *is exempt from process under applicable nonbankruptcy law.*" [Emphasis added]

■ The debtor concedes that under New York law the debtor's interest as a tenant by the entirety is subject to process and execution, subject to his wife's right of survivorship. However, the debtor argues that since an execution creditor cannot oust his wife from possession, or move in with her, such interest is of little value because the debtor may continue to reside on the premises. The debtor further contends that his interest in the tenancy by the entirety should be viewed from two aspects; the portion of the interest that can be reached by his creditors, subject to his wife's right of survivorship, being one part with little value, and the other part being his physical occupancy with his wife, to which he ascribes the main value of the tenancy by the entirety. The second portion of the hypothetically bifurcated tenancy by the entirety is claimed as exempt under Code § 525(b)(2)(B). Thus, the debtor argues that his "right to occupy the premises during the life of his wife is exempt from process under New York law and is . .

1. Section 1325(a)(4) of U. S. Bankruptcy Code states as follows:

"(4) the value, as of the effective date of the plan, of property to be distributed under the plan on account of each allowed unsecured claim is not less than the amount that would be paid on such claim if the estate of the debtor were liquidated under chapter 7 of this title on such date;"

exempt property under the provisions of § 522(b)(2)(B) of the Code."

■ Had New York been one of the jurisdictions where no interest of either husband or wife may be reached by creditors,[2] the debtor would have been able to draw comfort from Code § 522(b)(2)(B), because this subsection expressly provides a new exemption which may be availed of by debtors having interests in property held by them as joint tenants or tenants by the entirety. This exemption is in addition to a state-authorized Homestead exemption under Code § 522(b)(2)(A). However, the law in New York clearly permits a husband's interest in a tenancy by the entirety to be sold under execution upon a judgment against him. The purchaser at such sale becomes a tenant in common with the debtor's wife, subject to her right of survivorship and is entitled to share in the rents and profits, but not the occupancy. *Hiles v. Fisher*, 144 N.Y. 306, 39 N.E. 337; *Finnegan v. Humes*, 252 App.Div. 385, 299 N.Y.S. 501, aff'd 277 N.Y. 682, 14 N.E.2d 389; *Berlin v. Herbert*, 48 Misc.2d 393, 265 N.Y.S.2d 25; *Rothschild v. Lincoln Rochester Trust Co.*, 212 F.2d 584 (2d Cir. 1954); *In re Rowe*, 234 F.Supp. 114 (E.D.N.Y.1964).

■ The debtor's novel claim is that even though his tenancy may be subject to execution by his creditors, he nevertheless retains a property interest by his possession which is of value and which qualifies for the exemption under Code § 522(b)(2)(B), because it cannot be reached by his creditors. This proposition is unsupportable for the reason that his occupancy arises out of his marriage certificate and not his deed. A debtor whose interest in a tenancy by the entirety which is either sold under execution or passes to his trustee in bankruptcy

**2.** STATES HOLDING THAT NO INTEREST OF EITHER HUSBAND OR WIFE MAY BE REACHED BY CREDITORS.

| State | Citation |
|---|---|
| Delaware | *Citizens' Saving Bank v. Astrin*, 44 Del. 451, 61 A.2d 419 (1948); *Heitz v. Sayers*, 32 Del. 207, 121 Atl. 225 (1923). |
| District of Columbia | *Fairclaw v. Forest*, 130 F.2d 829 (D.C. Cir. 1942); *American Wholesale Corp. v. Aronstein*, 10 F.2d 991 (D.C. Cir. 1926). |
| Florida | *Vaughan v. Mandis*, 53 So. 2d 704 (Fla.1951); *Ohio Butterine Co. v. Hargrave*, 79 Fla. 458, 84 So. 376 (1920). |
| Indiana | *Baker v. Cailor*, 206 Ind. 440, 186 N.E. 769 (1933). |
| Maryland | *Keen v. Keen*, 191 Md. 31, 60 A.2d 200 (1948); *Masterman v. Masterman*, 129 Md. 167, 98 Atl. 537 (1916). |
| Michigan | *American State Trust Co. v. Rosenthal*, 255 Mich. 157, 237 N.W. 534 (1931); *Dickey v. Converse*, 117 Mich. 449, 76 N.W. 80 (1898). |
| Missouri | *Otto F. Stifel's Union Brewing Co. v. Saxy*, 273 Mo. 159, 201 S.W. 67 (1918); *Hanebrink v. Tower Grove Bank and Trust Co.*, 321 S.W.2d 524 (Mo.Ct.App.1959). |
| North Carolina | *Edwards v. Arnold*, 250 N.C. 500, 109 S.E.2d 205 (1959); *Hood v. Mercer*, 150 N.C. 699, 64 S.E. 897 (1909). |
| Pennsylvania | *Amadon v. Amadon*, 359 Pa. 434, 59 A.2d 135 (1948); *United States National Bank v. Penrod*, 354 Pa. 170, 47 A. 2d 249 (1946). |
| Rhode Island | *Bloomfield v. Brown*, 67 R.I. 452, 25 A.2d 354 (1942). |
| Vermont | *Citizens' Savings Bank & Trust Co. v. Jenkins*, 91 Vt. 13, 99 Atl. 250 (1916); *Town of Corinth v. Emery*, 63 Vt. 505, 22 Atl. 618 (1891). |
| Virginia | *Vasilion v. Vasilion*, 192 Va. 735, 66 S.E.2d 599 (1951); *Allen v. Parkey*, 154 Va. 739, 149 S.E. 615 (1929). |
| Wyoming | *Ward Terry & Co. v. Hensen*, 75 Wyo. 444, 297 P.2d 213 (1956); *Peters v. Dona*, 49 Wyo. 306, 54 P.2d 817 (1936). |
| Mississippi | *McDuff v. Beauchamp*, 50 Miss. 531 (1874). |
| Montana | *In re Marsh's Estate*, 125 Mont. 239, 234 P.2d 459 (1951). |

has no residual property interest in the premises that can be described as "exempt from process under applicable nonbankruptcy law" within the meaning of Code § 522(b)(2)(B). At most, he is a guest or invitee of his wife with whom he lives. This status is not an interest in property, as noted by the court in *Berlin v. Herbert,* supra when it stated: 48 Misc.2d p. 396, 265 N.Y.S.2d pp. 28–29.

> "Respondent in the instant matter is not a tenant, trespasser or intruder, but merely living in the premises as the husband, guest and invitee of the co-tenant.
>
> . . . . .
>
> Possession and occupancy of the premises is wholly with the wife and respondent has no interest therein except as a husband of the true owner and, incidentally, possessed by him as the husband of the true owner with whom he lives."

There existing no property interest capable of supporting an exemption under Code § 522(b)(2)(B), the debtor's exemption claimed under this subsection must be disregarded for purposes of comparing the amounts distributable under Chapter 7 or Chapter 13 in the context of confirmation standards under Code § 1325.

■ Before the debtor's plan may be confirmed it will be necessary for him to submit proof as to the market value of the property in question and the value of his interest that would pass to his creditors on liquidation if the trustee exercised the right to sell the entire property under Code § 363(h), undiminished by the unfounded exemption claimed in the tenancy by the entirety. Such proof will necessarily entail evidence as to the projected costs and expenses of the sale under Code § 363(h) and the amount that would be distributed to the debtor's wife "according to the interests of such spouse," as expressed in Code § 363(j).

Therefore, the debtor's plan cannot be confirmed at this juncture. The confirmation hearing will be adjourned to a date to be agreed upon by the debtor and the trustee at which time the unresolved questions may be addressed.

IT IS SO ORDERED.