In re Donald L. THOMAS, aka Donald Lee Thomas, aka Don Thomas, dba Don Thomas Construction Co., Debtor.

Bankruptcy No. 581–891.

United States Bankruptcy Court, N. D. Ohio.

Oct. 1, 1981.

Jerome Holub, Akron, Ohio, trustee.

Michael J. Moran, Cuyahoga Falls, Ohio, for debtor.

## FINDING AS TO OBJECTION TO PLAN

H. F. WHITE, Bankruptcy Judge.

Debtor, Donald L. Thomas, filed his Petition for Relief under Chapter 13 of the Bankruptcy Code on May 28, 1981. At the time said Petition for Relief was filed, Debtor filed with it his Chapter 13 Plan. The Plan proposed that payments amounting to seventy cents on the dollar be paid to all creditors holding unsecured claims. Debtor scheduled unsecured claims in the amount of Ten Thousand Ninety-Nine Dollars.

Debtor's schedules listed as an asset real property owned by himself and his non-debtor spouse, Carol Thomas. That property is held by the Debtor and his spouse as a tenancy by the entireties pursuant to Ohio Revised Code Section 5302.17.[1] At the First Meeting of Creditors held in this case, Debtor stated that the fair market value of the

---

1. Ohio Revised Code Section 5302.17 provides that: "A deed conveying any interest in real property to a husband and wife, and in substance following the form set forth in this section, when duly executed in accordance with Chapter 5301. of the Revised Code, creates an estate by the entireties in the grantees, and upon the death of either, conveys such interest to the survivor, his or her separate heirs and assigns.

'ESTATE BY THE ENTIRETIES WITH SURVIVORSHIP DEED

——————— (marital status), of ——————— county, ——————— for valuable consideration paid, grant(s), (covenants, if any), to ——————— and ———————, husband and wife, for their joint lives, remainder to the survivor of them, whose tax-mailing address is ———————, the following real property:

(Description of land or interest therein and encumbrances, reservations, and exceptions, if any)

Prior Instrument Reference: Volume ———————, Page ———————, wife (husband) of the grantor, releases all rights of dower therein.

Witness ——————— hand this ——————— day of ———————' (Execution in accordance with Chapter 5301, of the Revised Code)

A husband and wife who are the sole owners of real property as joint tenants or tenants in common, may create in themselves an estate by the entireties in such real property, by executing a deed as provided in this section conveying their entire, separate interests in such property to themselves.

real property is $65,000.00 and that the balance remaining due to the mortgage holder, Falls Savings and Loan, is the approximate amount of Fifteen Thousand Five Hundred Dollars.

On July 1, 1981, following the first meeting, the Trustee, Jerome L. Holub, filed his objection to Debtor's proposed Chapter 13 Plan. As grounds for said objection, the Trustee argued that the Plan proposed to pay unsecured creditors less than they would receive if the estate were liquidated under Chapter 7.

Debtor filed a response to the Trustee's Objection. In the response, Debtor asserted that the real property was exempt from property of the estate pursuant to 11 U.S.C. Section 522(b)(2)(B) and that therefore the unsecured creditors were receiving as much as, if not more, than they would receive in a Chapter 7 liquidation. Moreover, even if the property were not found to be exempt from the estate, it is argued, an issue remains as to the valuation of the Debtor's interest in the real property. Debtor contends that the value of his interest in the real property is such that the plan as proposed does pay the unsecured creditors as much as they would receive in a liquidation.

A response was filed to the Debtor's Memorandum by the Trustee on July 16, 1981. In a subsequent reply by the Debtor, filed on July 22, 1981, Debtor agreed with the Trustee's contention that the real property held by the Debtor and his spouse as tenants by the entireties is property of the estate pursuant to 11 U.S.C. Section 541.

## LAW

There is no question here that the real property in question is property of the estate pursuant to 11 U.S.C. Section 541. Indeed, Debtor is not disputing that such in fact is true. The sole issue before this Court is whether the real property is exempt from the estate pursuant to 11 U.S.C. Section 522(b)(2)(B). If the property is exempt, then the Plan proposed by Debtor will pay an amount to the unsecured creditors sufficient to comply with the requirements of 11 U.S.C. Section 1325(a)(4) as presently proposed. Due to the Court's holding herein, the question of valuation raised by the Debtor is not at issue.

11 U.S.C. Section 522(b)(2)(B) provides that:

(b) Notwithstanding section 541 of this title, an individual debtor may exempt from property of the estate either—

(2) . . .

(B) any interest in property in which the debtor had, immediately before the commencement of the case, an interest as a tenant by the entirety or joint tenant to the extent that such interest as a tenant by the entirety or joint tenant is exempt from process under applicable nonbankruptcy law.

Courts construing this section have generally faced the same concern. That concern has been whether under applicable state law property held by the entireties is immune from execution where the debt in question is owed by only one spouse. If the property is so immune, it is also exempt from the estate pursuant to 11 U.S.C. Section 522(b)(2)(B). *In Re Ford*, 3 B.R. 559 (Bkrtcy.Md.1980); *In Re Shaw*, 5 B.R. 107 (Bkrtcy.Tn.1980). In both the *Ford* and *Shaw* cases, the issue as to exemption from the bankruptcy estate arose for the same reason as it has arisen here—only one spouse sought relief under the Bankruptcy

A spouse who is the sole owner of any real property may create in himself or herself and the other spouse an estate by the entireties in such real property, by executing a deed as provided in this section conveying his or her entire interest in such property to themselves. The provisions of this paragraph shall be applied retroactively to cover transactions occurring on or after February 9, 1972.

When an estate by the entireties vests in a surviving spouse, the transfer of the interest of the decedent spouse may be recorded by presenting to the county auditor, and filing with the county recorder either a certificate of transfer as provided in section 2113.61 of the Revised Code, or an affidavit or certificate of death, reciting the names of the spouses, the residence of the surviving spouse, the date of death of the decedent spouse, and a description of the property. The county recorder shall make index reference to any certificate or affidavit so filed in the record of deeds.

Code. Accordingly, this Court must determine as did the courts in *Shaw* and *Ford* whether under Ohio law property held by the entireties is exempt or immune from execution by a creditor whose debt is owed by only one spouse.

Prior to 1972, Ohio did not recognize the estate known as tenancy by the entireties. As long ago as 1826, the Ohio Supreme Court held that such an estate would not be recognized in Ohio. *Sergeant v. Steinberger*, 2 Ohio 305 (1826).

The non-recognition of this estate form persisted in Ohio until in 1972 the Ohio Legislature enacted Ohio Revised Code Section 5302.17. This section allows a husband and wife, upon following the statutory provisions set forth, to own real property as tenants by the entireties.

In enacting this statute, the Ohio legislature failed to address the important issue of the effect the statute was intended to have upon creditors of the individual tenant. The language of the statute itself failed to cover this issue. Additionally, there is no official comment by the Legislature which would provide some insight into the statute's intended effect upon creditors. Despite the fact that the statute was enacted more than nine years ago, no reported decision of any Ohio court on any level has either discussed or interpreted the statute. Due to the early decision in *Sergeant v. Steinberger, supra.*, there is also no law dealing with the common law form of tenancy by the entireties in the State of Ohio to aid this Court in its decision.

Since there is no precedent within the reported cases in Ohio, this Court must determine what a court of law sitting in Ohio would decide were it to be presented with the issue facing this Court. In so doing, this Court will examine decisions from state courts other than in Ohio.

At this point, some discussion of the nature of the estate known as tenancy by the entireties may be helpful. The estate, which originated in England, has oftentimes been termed a "peculiar" estate.

*Baker v. Cailor*, 206 Ind. 440, 186 N.E. 769 (1933); *Stifel's Union Brewing Co. v. Saxy*, 273 Mo. 159, 201 S.W. 67 (1918). The estate was described by the United States Supreme Court in *Lang v. Commissioner of Internal Revenue*, 289 U.S. 109, 53 S.Ct. 534, 77 L.Ed. 1066 (1933) as follows:

> An estate by the entirety is held by the husband and wife in single ownership, by a single title. They do not take by moieties, but both and each take the whole estate, that is to say, the entirety. The tenancy results from the common-law principle of marital unity; and is said to be sui generis. Upon the death of one of the tenants 'the survivor does not take as a new acquisition, but under the original limitation, his estate being simply freed from participation by the other. * * '
> 1 Washburn, Real Property (6th Ed.) Section 912.

As noted, the estate was predicated upon the idea of the unity of husband and wife during marriage. Formerly, this idea meant that the wife's estate merged into the husband's estate and it was the husband who was the one entity, owner of the estate. This was due to the belief that the wife lacked the capacity to hold a separate and severable estate. *Hiles v. Fisher*, 144 N.Y. 306, 39 N.E. 337 (1895). The husband, as the one person, could exercise complete dominion and control over the property even to the extent of alienating it, subject to the wife's right of survivorship. Magee, *Tenancy by the Entirety: Ohio's New Estate*, 2 Northern Kentucky Law Forum 69 (1974).

With the adoption nationwide of the Married Women's Property Acts,[2] the concept of marital unity continued in the tenancy by the entireties. However, whereas before the legal unity was predicated upon the inequality of the husband and wife, the legal unity after the Married Women's Property Acts was one of equality.

There are presently twenty-six jurisdictions, including Ohio, which recognize ten-

2. Ohio Revised Code Section 3103.01, et seq.

ancy by the entireties.[3] Among these states four different views have arisen regarding the ability of a creditor to levy upon or otherwise deal with real property owned as a tenancy by the entireties where the debt in question is owed by only one of the tenants. See *Sawada v. Endo*, 57 Hawaii 608, 561 P.2d 1291 (1977). They are the "common law" rule, the "all interests reachable" rule, the "right of survivorship" rule, and the "no interest reachable" rule. *Sawada, supra.*; C. Yzenbaard, *Ohio's Beleaguered Entirety Statute*, 49 Cincinnati Law Review 99 (1980).

Under the common law rule, only the husband's creditors could levy upon or otherwise deal with the real property. This theory arises from the common law idea that only the husband could deal with entireties' property. Today this rule is followed by Massachusetts.

Under the "all interests reachable" rule, creditors of either spouse may levy upon the property. This right is subject, however, to the nondebtor's right of survivorship. Creditors may reach the debtor spouse's life estate and contingent remainder in the tenancy property. C. Yzenbaard, *supra.*

The "right of survivorship" rule allows the creditor to attach the debtor's right of survivorship. Only if the debtor survives the nondebtor spouse will the creditor be able to obtain satisfaction of his debt by means of the real property.

The fourth is the majority opinion in the United States today. Under it, when a debt is owed by only one spouse, the creditor may not attach, levy upon or sell the property held as a tenancy by the entireties. See for example, *American State Trust Co. of Detroit v. Rosenthal*, 255 Mich. 157, 237 N.W. 534 (1931); *Stifel's Union Brewing*

*Co. v. Saxy, supra.*; *Baker v. Cailor, supra.*; *United States National Bank in Johnstown v. Penrod*, 354 Pa. 170, 47 A.2d 249 (1946); *Amadon v. Amadon*, 359 Pa. 434, 59 A.2d 135 (1948); *Sawada v. Endo, supra.*; *Masterman v. Masterman*, 129 Md. 167, 98 A. 537 (C.A.1969); *Keen v. Keen*, 191 Md. 31, 60 A.2d 200 (C.A.1948). Although there are differences in the figures given by various courts and legal writers, there are presently between twelve to fifteen jurisdictions following the majority view.[4]

The reasons given for such a holding are concerned for the most part with the nature of the estate. Thus, in *Stifel's Union Brewing Co. v. Saxy, supra.*, it was held that an execution upon entireties' property for the debt of the husband only can have no effect upon the property, "for he (the husband) has no separate interest." And in *Sawada v. Endo, supra.*, it was stated that "neither husband nor wife" has a "separate divisible interest in the property held by the entirety that can be conveyed or reached by execution."

With the advent of the Married Women's Property Acts, several of the courts disagreed as to their effect on tenancy by the entireties. Agreement was had, as noted above, that the Acts provided the wife with an equality with her husband which she had previously lacked. Disagreement existed as to the effect this equality had upon tenancy by the entireties.

Certain courts such as those in New York, held that this equality gave the wife the right to use, enjoy and alienate the property in the same manner as her husband had always had. *Hiles v. Fisher, supra.* See also *Pope v. McBride*, 207 Ark. 940, 184 S.W.2d 259 (1945). In such a state, creditors may reach entireties' property even when the debt was incurred by one spouse.

---

3. C. Yzenbaard, *Ohio's Beleaguered Entirety Statute*, 49 Cincinnati Law Review 99 (1980). The number of jurisdictions cited as recognizing the estate form varies from case to case. C. Yzenbaard in his article states that there are 26 jurisdictions. Judges Goldburn and Lebowitz in *In Re Ford* state that there are 24. The Hawaii Supreme Court in *Sawada v. Endo*, 57 Hawaii 608, 561 P.2d 1291 (1977) found there to be 21 jurisdictions.

4. This number is based upon that court's determination that there are only 21 jurisdictions recognizing tenancy by the entireties. Fifteen states (including the District of Columbia) are found to follow the majority view in *In Re Weiss*, 4 B.R. 327 (Bkrtcy.S.D.N.Y.1980). The *Weiss* court failed to include Hawaii in its calculations, thus there are actually sixteen.

Other courts, however, have held that the Married Women's Property Acts took away the husband's power of control over his wife's property, equalizing them in such a manner that neither could alienate entireties' property without the consent of the other. *Masterman v. Masterman, supra.*; *Sawada v. Endo, supra.* Courts following this view also follow the majority rule regarding the ability of a creditor to reach entireties' property for a debt of the individual spouse.

The latter rule, that is, the rule that the Married Women's Property Acts took away a right from the husband rather than bestowing a right upon the wife, appears to be followed by the Ohio courts. In *Smiley v. Smiley*, 18 Ohio St. 543 (1869), the Ohio Supreme Court held that the Married Women's Property Act in Ohio did not act so as to grant wives new rights. Instead, the Act eliminated her husband's control over her existing rights.

It is this court's opinion, based on the above, that an Ohio court would find that the Ohio Legislature, in enacting Ohio Revised Code Section 5302.17 had the majority view in mind and that, therefore, an individual spouse's creditor may not execute upon entireties' property in Ohio. The Court so rules for several reasons.

Firstly, the Legislature is presumed to be aware of, and to legislate in light of, the construction given to an area of the law by other state courts. *In-Flight Devices Corp. v. Van Dusen Air*, 466 F.2d 220 (6th Cir. 1972); *Reese v. Progressive Tool and Engineering Co.*, 25 Ohio Law Abs. 273 (Montgomery Cty. C.P. 1937). In the *Reese* case, it was stated that the Legislature is presumed to adopt the settled construction of a similar statute, in the absence of an evidenced intent to the contrary.

The interpretation [5] given by other states to the estate known as tenancy by the entireties as that estate concerns creditors differs, as noted above. The clear majority opinion is that such an estate is immune from execution by the creditor of one spouse. The majority continues to gain support today. *Sawada v. Endo, supra.* In light of this, it must be said that had the state legislature not wanted this view to be followed in Ohio it could have easily said so. In the absence of intent to the contrary, it must be presumed that the Ohio Legislature intended this state to follow the majority view.[6]

Additionally, the majority rule is followed by those courts such as the Hawaii Supreme Court in the *Sawada* case which held that the Married Women's Property Acts did not vest the wife with new rights, but instead took from the husband rights he had formerly had. Ohio is in accord with this view dealing with the effect of the Married Women's Property Act upon the rights of wives. It is therefore likely that, if presented with the issue, the Ohio Supreme Court would hold that the majority view as to creditor's rights regarding entireties' property is consistent with the Court's view in *Smiley* and should be followed.

Finally, such a rule furthers public policy. Where the majority rule is followed, the entireties' estate is one which serves to protect that which is generally a family's largest and most important asset. *Sawada, supra.*; C. Yzenbaard, *supra.* at 103. The family home is free from execution, levy or sale due to the improvident debt of only one of the spouses. This rule serves as well to help the family avoid probate costs.[7] As a result, the interests of the family, as a whole, in the real property are made more secure.

5. This court recognizes that the "interpretation" it refers to is of common law origin rather than statutory. The principles in *Van Dusen* and *Reese* are nonetheless applicable.

6. The majority view has received support from Ohio Commentators. C. Yzenbaard, *supra.*; R. Shedlarz, *Tenancy by the Entirety in Ohio: Questions with no Answers*, 53 Ohio State Bar Association Journal 1105 (1980).

7. The avoidance of probate was stated as the purpose for the enactment of Ohio Revised Code Section 5302.17. See "Summary of 1971 Enactments", Ohio Legislative Service Commission. At page 28 the purpose is stated as being "To permit a decedent's share of jointly owned real property to be excluded from his estate for probate purposes."

## CONCLUSION

It is this Court's finding that an Ohio court would hold that the Ohio Legislature when enacting Ohio Revised Code Section 5302.17 intended that a creditor of an individual debtor not be permitted to attach, levy or execute upon property held by the entireties. Accordingly, the real property is exempt from process under state law and 11 U.S.C. Section 522(b)(2)(B) applies so as to make this property exempt from the bankruptcy estate.

As the property is exempt from the estate, Debtor, Donald L. Thomas, has proposed to pay as much through his Chapter 13 Plan as his creditors would receive through a Chapter 7 liquidation. Therefore, the Trustee's Objection to Confirmation should be overruled.