In the Matter of Anthony FEOLA, Debtor.

Kenneth KIRSCHENBAUM, Plaintiff,

v.

Anthony FEOLA and Sara Feola, Defendants.

Bankruptcy No. 881–81059–17.
Adv. No. 881–0504–17.

United States Bankruptcy Court, E. D. New York.

April 8, 1982.

Kenneth Kirschenbaum, P. C. by Kenneth Kirschenbaum, Garden City, N. Y., trustee, plaintiff.

Schwartz & Sachs, P. C. by Abel Jack Schwartz, Carle Place, N. Y., for defendants.

MEMORANDUM AND ORDER

BORIS RADOYEVICH, Bankruptcy Judge.

The trustee, Kenneth Kirschenbaum, has filed an application to compromise and settle an adversary proceeding brought against the defendants, Anthony and Sara Feola. Objection to the proposed settlement, dated January 18, 1982, was filed by Charles and Barbara Mancini. A hearing was held on February 2, 1982, at which time the objectants failed to appear. After hearing the trustee and the debtor as to the appropriateness of, and the authority for,

the proposed settlement, decision was reserved. After due consideration this Court renders it's decision as follows:

## MEMORANDUM

Pursuant to Bankr.R.P. 919, the trustee is authorized to compromise and settle any cause of action after notice, hearing, and approval of this Court. In this proceeding the trustee seeks to settle his action to avoid an alleged fraudulent conveyance of the debtor's property, upon payment by Sara Feola of $5,000, and upon the debtor's election of state rather than federal exemption rights. The trustee asserts these actions would have a value to the estate of approximately $10,500.[1] The objectants assert that such a settlement is inadequate and is not in the best interest of the estate. As a result, this Court in deciding the reasonableness of the offer must determine first, the strength of the trustee's case and second, the estate's recovery if the action is successful. Critical to the issue of the estate's recovery is an examination of the appropriateness of a sale of the defendants' whole entirety interest under 11 U.S.C. Section 363(h).

The background of this case, as alleged by the debtor, conceded by the trustee, and not disputed by the objecting creditors, is as follows:

Anthony Feola and Sara Feola, his wife, purchased a parcel of property located at 6 Canal Way, Hampton Bays, New York, on November 21, 1974. The purchase price was $24,500. Thereafter, a house was constructed at a cost of $30,611.

On December 4, 1979, Anthony Feola transferred his interest in the property to his wife, Sara Feola. It is alleged that the consideration paid by Sara Feola to her husband totalled $60,000 consisting of $37,000 given from their joint bank account on November 13, 1979; $20,000 given from Sara Feola's individual account on December 19, 1979; and $3,000 given from Sara Feola's individual account on January 18, 1980.

1. For a complete breakdown, see discussion infra. Note this is not the figure adopted by

The deed from Anthony and Sara, to Sara, stated that no consideration was paid. It is alleged that the consideration was paid, as outlined earlier, and that the sole reason for the deed's stating no consideration was received was the reluctance of the Feolas to pay the revenue stamp charges.

The trustee acknowledges the debtor's claim that on the date of transfer, Anthony Feola was solvent, and that even after the house was transferred, his assets substantially exceeded his liabilities. The debtor asserts that his assets and liabilities on that date were composed of the following:

### ASSETS

| | |
|---|---|
| Cash on hand | $ 20,000.00 |
| Accounts receivable from sale of Glenwood Estates, Candlewood Estates Inc., & P.F.P. Enterprises Inc. | 4,500.00 |
| Stock interest in Legend Estates | 139,300.00 |
| Misc. personal property & household items including boat | 4,500.00 |
| TOTAL | $168,300.00 |

### LIABILITIES

| | |
|---|---|
| Caro Bob Plumbing | $ 9,000.00 |
| Continental Bank | 80,000.00 |
| Don Garvey, Inc. | 6,000.00 |
| Professional Auto Leasing System, Inc. | 5,791.25 |
| Republic Insurance Company | 41,986.67 |
| S & H Building Corp. | 6,000.00 |
| TOTAL | $148,777.92 |

On March 30, 1981, Anthony Feola filed a Chapter 7 petition and Sara Feola filed a Chapter 13 petition. The Mancini's filed objections to Sara Feola's confirmation on the basis of the alleged fraudulent conveyance. These objections were withdrawn and Sara Feola confirmed her plan, which provided for retention of the subject property and full payment for the creditors. The trustee commenced adversary proceed-

this Court.

ing No. 881–0405–17 against the defendants on July 9, 1981 seeking to set aside the conveyance of Anthony Feola's entirety interest to his wife. Thereafter, discovery was commenced and completed.

The trustee after review of the discovery entered into settlement negotiations with the debtor's wife, Sara Feola, and accepted an offer of $5,000 for the estate's right, title, and interest in the property, provided the debtor agreed to amend his schedules to switch from Federal to State exemptions. As a result of the change, it is alleged that the estate would be enhanced by an additional $5,500, encompassing the addition of a 16′ boat valued at approximately $1,000 and the debtor's interest in Glenwood Estates, Inc., Candlewood Estates Inc., and P.F.P. Enterprises valued at approximately $4,500, $3,000 of which is presently being held in escrow. The total alleged benefit to the estate is claimed to be $10,500. *See* Debtor's Memorandum of Law filed February 25, 1982. Trustee's letter dated February 26, 1982.

The debtor and the trustee contend that the proposed settlement is reasonable for the following reasons:

(a) the estate will realize an immediate benefit of $10,500, in addition to being saved the expense of further litigation,

(b) the trustee has a weak cause of action, and

(c) even if the trustee's cause of action was successful, the value of the debtor's entirety interest to his estate would be severely limited if the debtor elected the state exemptions. It is further argued that this result can not be altered by utilizing the 11 U.S.C. § 363(b) joint sale of entireties provisions.

This Court does not accept the above listed reasons for settlement and finds the proposed settlement offer inadequate.

The settlement offer asserts that in addition to the $5,000 cash payment, a $5,500 benefit would accrue to the estate upon the debtor's switch to state exemptions. Based upon the speculative and self serving valuation of the involved exemptions, this Court is reluctant to accept this claim of alleged ancillary benefit. However, as there is a reference that $3,000 of this exempt property is presently held in escrow, this Court will use this $3,000 figure for the sake of discussion, and base the reasonableness of the debtor's settlement offer upon a total value of $8,000.[2]

The trustee's cause of action was brought under the Bankruptcy Code's section 544 strong arm provision which allows the avoidance of any transfer of the debtor's property which could have been voided under local law. New York's Debtor and Creditor Law allows a creditor to void any fraudulent conveyance of the debtor's property which lessens the creditor's potential for recovery. Such a fraudulent conveyance may be established either through proving actual or constructive intent to defraud existing creditors. *See* N.Y.Debt & Cred.Law, Sections 273–276.

██ As the debtor alleges that fair consideration was paid for the conveyance and that he was solvent on the date of transfer, the trustee now questions the strength of his own complaint. It is conceded that the trustee would have a difficult task proving actual intent to defraud. *In re Adlman*, 541 F.2d 999 (2d Cir., 1976). However this Court is reluctant to recognize the argument that constructive fraud cannot be established. Generally speaking, to succeed under one of the three constructive fraud theories, the trustee need only prove that the debtor was insolvent and that he received no consideration for the transfer. There exists a basis for a finding as to both these elements.

It is asserted that the debtor was solvent on December 4, 1979, the date of conveyance. His assets on that day are approximated at a minimum of $168,000, while his liabilities were $149,633. These figures are highly suspect. The debtor's stock in Legend Estates is listed as comprising $139,300 of his total assets. Such a figure is incon-

---

**2.** It is noted that as the debtor is still master of his exempt property, he could liquidate it himself and directly contribute the $5,500 towards settlement if it is truly worth that much.

sistent with a statement made in his schedules that as of August 1980, only eight months later, the debtor, acting as an officer of Legend Estates Inc., transferred the deed of the corporation's property to a mortgagee in lieu of foreclosure. Accordingly, if we disregard the $139,300 figure it is readily apparent that this debtor's liabilities far exceeded his assets on December 4, 1979.

The deed in question recites no consideration and bears no revenue stamps. Now, some two and one half years later, in an attempt to validate the transfer, the parties allege that Sara Feola paid Anthony Feola $60,000 for his interest in the property.

Assuming the trustee succeeds in proving the conveyance was fraudulent, there exists the question of how much he could recover for the estate. Upon avoidance of the conveyance, the estate would be increased by the sale value of the debtor's entirety interest. However, executing on an entirety interest involves several problems.

█ In New York the interest of a tenant by the entirety is subject to the lien of a judgment and may be sold under execution. *Finnegan v. Humes*, 252 A.D. 385, 299 N.Y.S. 501 (1938), affd. 277 N.Y. 682, 14 N.E.2d 389, *Klenofsky v. Allen*, 59 Misc.2d 8, 297 N.Y.S.2d 698 (1969). Theoretically, a purchaser acquires the status of tenant in common with the remaining entirety tenant, entitled to share in the property's rents, profits, and occupancy.[3] *Finnegan v. Humes*, cite supra, *Berlin v. Herbert*, 48

Misc.2d 393, 265 N.Y.S.2d 25, (1965). However, for practical reasons, New York Courts have been reluctant to force the non-debtor spouse to share occupancy of the marital residence with a purchaser, and have historically accompanied the sale of half an entirety interest with a protective order, preventing simultaneous possession. *See* N.Y.Civ.Proc. § 5240.[4] This results in the purchaser acquiring only a right of survivorship. *In re Weiss*, 2 C.B.C.2d 426 (Bkrtcy.S.D.N.Y., 1980) 4 B.R. 377; *In re Rowe*, 234 F.Supp. 114 (E.D.N.Y., 1964); *Berlin v. Herbert*, cite supra; *See also* 5A Warren's Weed New York Real Property, Ten. Ent., § 3.05 (1979).

If the trustee is limited to executing upon only the debtor's entirety interest, it is clear the settlement offer is reasonable. However, the trustee has available another possible recourse under 11 U.S.C. Section 363(h). This statute provides for the sale of entirety interests of both husband and wife,[5]

only if . . . (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners.

It is argued that a joint sale under § 363(h) is not applicable, as it will not benefit the estate any more than a sale of only the debtor's interest.[6] The trustee cites authority that even after a joint sale, § 522(b)(2)(B) allows the debtor to exempt all his entirety interest which was exempt from process under state law.[7] *In re Shaw*,

---

3. In New York an entirety interest is composed of a survivorship right, a right to ½ the rents and profits, and a possessory right to an undivided ½ of the fee. In case of marital domiciles, as is the case at bar, there is no rent derived. Accordingly, this discussion will only deal with the debtor's possessory and survivorship rights.

4. It should be noted that there is the beginning of a trend in some New York Courts not to automatically invoke C.P.L.R.'s § 5240 protective provisions. These courts have recognized that circumstances could exist whereby a judicial purchaser would be allowed an occupancy interest in a tenancy by the entirety. *See Lynch v. Atlantic Helicopters, Inc.*, New York State Supreme Court, Special Term, Part I,

County of Suffolk, 477–9950 (JSC Lazer, dec. dated September 30, 1977).

5. Upon such a sale, one half of the proceeds after payment of administrative expenses and security interests go to the non-debtor, co-owner spouse.

6. There is no justification for imposing a detriment upon the co-owner spouse via a joint interest sale, if the benefit to the estate would be identical under a sale of only the debtor's interest.

7. It should be noted that presently the debtor is asserting the Federal exemptions under 11 U.S.C. Section 522(d). Discussion of the debtor's rights under the state exemptions is rele-

5 B.R. 107, 2 C.B.C.2d 599 (Bkrtcy.Md.Tenn. 1980); *In re Dawson*, 10 B.R. 680, 4 C.B. C.2d 615 (Bkrtcy.E.D.Tenn., 1981), 7 B.C.D. 603. *See also In re Ford*, 3 B.R. 559 (Bkrtcy.Md., 1980) 638 F.2d 14 (4th Cir., 1981). It is argued that applying New York law, we would again be left with only the proceeds from the debtor's survivorship interest.

■ This argument runs afoul of proper statutory construction and misstates New York law. Congress has expressly provided this Court with the power to sell both entireties interests together. The trustee's authority indicates that § 522(b)(2)(B) is antagonistic to the purpose of § 363(h), in that it effectively eliminates this Court's discretionary power to order a joint sale. This is inconsistent with proper statutory construction, wherein Congressional intent is not to create conflicting general statutes which emasculate each other. *Marsano v. Laird*, 412 F.2d 65 (2d Cir., 1969); *McCown v. Heidler*, 527 F.2d 204 (10th Cir., 1975); *Morton v. Wilderness Society*, 411 U.S. 917, 93 S.Ct. 1550, 36 L.Ed.2d 309 (1973).

Section 522(b)(2)(B) is a nullity in New York and therefore does not conflict with § 363(h). It has already been demonstrated that an entirety interest is subject to total execution and sale in the State of New York. There is no portion of an entirety interest which is exempted. Any residual rights remaining derive solely from the non-debtor spouse.[8] *In re Weiss*, 4 B.R. 327 (S.D.N.Y.1980), 6 B.C.D. 431. Section 522(b)(2)(B) only gives the debtor what is available under local law, which in this case is nothing. As the debtor has no exemption rights which can be asserted through § 522(b)(2)(B), and as a joint sale removes the need to protect the non-debtor spouse's entirety interest, the full value of his interest will be realized after a § 363(h) sale.

Having established the feasability of a joint sale, the trustee now contends that such a sale would be improper as it will impose considerable hardship upon Sara Feola. Sale of her co-ownership rights would necessitate abandonment of her Chapter 13 proceeding, wherein she has already confirmed a plan of arrangement which includes the involved real property.

■ Weighed against the above-mentioned detriment, the trustee estimates that a sale under Section 363(h) would realize less than a $25,000 benefit to the estate. This estimate is based upon a sale value of $100,000, less administrative costs of the sale, less payment of a $30,000 unavoidable judgment lien on the property, less $35,000 representing a one-half interest belonging to the co-owner, and less $10,000[9] representing the debtor's exempt interest. *See* trustee's motion filed December 29, 1981.

■ This Court questions the trustee's figures. There is no mention of a $30,000 judgment lien in the debtor's schedules or in the schedules of Sara Feola. If we ignore this lien and use the trustee's other figures, the estate would realize approximately a $40,000 recovery from a joint sale. It is conceivable that such benefit would outweigh Sara Feola's detriment, especially if she were found to have been a party to a fraudulent conveyance.

Acceptance of the debtor's settlement offer will enhance the estate by only $8,000. Considering the apparent strength of the trustee's case, and the $40,000 potential re-

vant in that the debtor is aware of the advantage of changing his exemption election, and if necessary will switch to the state exemptions. Bank.Proc.R. 110, 403. *See In re Maxwell*, 5 B.R. 58, 6 B.C.D. 1121 (Bkrtcy.Ga.).

8. This is the core of the contra argument. It is claimed that as the creditors can not acquire a possessory interest, and as the debtor maintains an indirect possessory interest by virtue of living as a quest on his wife's undivided half interest, that New York has in effect granted as exempt the debtor's possessory interest. This

interest is calculated by subtracting the value of the debtor's survivorship right from the value of his entirety interest.

9. Under 11 U.S.C. section 522(m), the debtor within his Chapter 7 proceeding, may take a full $10,000 state homestead exemption, even though his wife has elected the federal exemptions for her Chapter 13 proceeding. *See In re Cannady*, 653 F.2d 210, 7 B.C.D. 1422 (5th Cir., 1981).

covery for the estate, $8,000 is an unreasonable settlement offer. Accordingly, the trustee's motion is denied.

It is SO ORDERED.