**In re Leslie I. LEVINE, Debtor.**

**Leslie I. LEVINE, Plaintiff,**

**v.**

**Ann Barbara LEVINE, Defendant.**

**Bankruptcy No. 87 B 20292.**

**No. 88 ADV. 6020.**

United States Bankruptcy Court, S.D. New York.

Nov. 21, 1989.

Reich & Reich, White Plains, N.Y., for debtor-plaintiff.

Bender & Bender, White Plains, N.Y., for defendant.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

The debtor, LESLIE I. LEVINE, seeks review by the court of a matrimonial judgment proposed by the New York Supreme Court, subject to the approval of this court.

In November of 1983, the debtor commenced a matrimonial action in the Supreme Court of the State of New York, County of Westchester, against his wife which implicated their marital status, maintenance, child support and equitable distribution under state law. Issues of custody and visitation were submitted to the Family Court of Westchester County.

On June 23, 1987, the debtor filed with this court his voluntary petition for relief under Chapter 11 of the Bankruptcy Code. He is engaged in the practice of law and is a member of the bar of this state. In April of 1988, this court entered an order in response to the debtor's wife's motion for relief from the automatic stay imposed under 11 U.S.C. § 362 in order to allow the trial of the matrimonial action to proceed in the State Supreme Court, subject to a review by this court with respect to the entry or enforcement of any decree to the extent that the state court awarded property of the estate to any entity other than the debtor. *In re Levine*, 84 B.R. 22 (Bankr.S. D.N.Y.1988).

On August 19, 1989, Mr. Justice Matthew F. Coppola, in the New York Supreme Court, entered Findings of Fact and Conclusions of Law to the effect that the debtor was entitled to a judgment of divorce. On September 19, 1989, Mr. Justice Coppola entered a judgment of divorce in favor of the debtor. The divorce judgment also resolved issues regarding maintenance, child support, obligations incurred by the spouses to each other and matrimonial obligations. As to the matrimonial home which the spouses jointly owned by the entireties, the State Court ruled as follows:

"ORDERED, ADJUDGED and DECREED, that in the event there is approval by Judge Howard Schwartzberg of the Bankruptcy Court with regard to the terms and provisions of this Judgment, Mr. Levine shall execute a deed to the premises at 9 Hubbard Drive, White Plains, New York, conveying his interest in those premises to Mrs. Levine in fee simple absolute, so that Mrs. Levine shall be the sole record owner of those premises, as to which she will take title subject to a presently outstanding first mortgage held by the Williamsburgh Savings Bank in the approximate present principal sum of $17,000.00 and shall hold Mr. Levine harmless from any amounts thereon; she shall also take title subject to an outstanding judgment against Mr. Levine docketed against that home in the approximate sum of $6,700.00, which judgment bears index number 22215/1985, and is entered in the County of Westchester, entitled Manufacturers Hanover Trust Company against Leslie I. Levine, and she shall pay the same and indemnify Leslie I. Levine and hold him harmless therefrom; and it is further

"ORDERED, ADJUDGED and DECREED, that there is also extant, as a lien upon the house, a mortgage taken out by Mr. Levine in the approximate sum of $20,000.00 held by Marine Midland; as of the time of a payment to be made by Mrs. Levine to Mr. Levine hereinbelow set forth, and the conveyance of title by Mr. Levine to Mrs. Levine, such that when Mrs. Levine takes title to the house she shall take it subject solely to the Williamsburgh first mortgage and the Manufacturers Hanover judgment for which she is taking responsibility; it is recognized by the parties, their counsel and the Court that the Marine Midland mortgage is a lien only against any interest of Mr. Levine in said property and that therefore, as a matter of law, said lien is extinguished by operation of this judgment and, accordingly, Mr. Levine shall indemnify and hold Mrs. Levine harmless with respect to any claims made to enforce said extinguished lien; Mr. Levine has represented that to the best of his knowledge, as of May 17, 1989 and today, there are no other liens, judgments or encumbrances as against those premises of which he is aware; and it is further

"ORDERED, ADJUDGED and DECREED, that there are two contingencies with regard to this Judgment which must be met prior to its entry, and both of them are of the essence of this Judgment, and they are as follows:

(a) If the Bankruptcy Court does not approve of the provisions of this Judgment, then the same shall be null and void, and the parties shall be restored to the status quo that existed as of May 17, 1989 and the trial shall be resumed;

(b) Assuming that the Bankruptcy Court does indeed approve these terms and provisions, Mrs. Levine shall then become obliged to pay to Mr. Levine the

sum of $40,800.00, such sum to be paid to Lawrence Reich, Esq., in escrow, on behalf of Mr. Levine, for the purpose of payment of Federal and State income tax obligations of Mr. Levine; Mr. Reich, as escrow agent, need account only to Mr. Levine and no other person; it has been acknowledged by the parties that the only way in which said sum can be paid to Mr. Levine is through a refinancing by Mrs. Levine of the premises at 9 Hubbard Drive, which at that point would be in her name alone; all the terms and provisions of this Judgment are expressly contingent upon the ability of Mrs. Levine to secure a refinancing of those premises in the total sum of $110,000.00, and that would be inclusive of the $17,-000.00 Williamsburgh first mortgage; and it is further

ORDERED, ADJUDGED and DE-CREED, that if this Judgment is approved by the Bankruptcy Court, Mrs. Levine shall diligently and conscientiously make application for such refinancing, and she is obliged pursuant to the terms and provisions of this Judgment to close upon such refinancing within ninety days subsequent to an order of the Bankruptcy Court approving these provisions; in the event that Mrs. Levine is unable to secure such a mortgage commitment, the same result will occur as with regard to the disapproval of the Bankruptcy Court, which is, the parties are restored to the status quo ante as of May 17, 1989, and the trial shall resume; and it is further

ORDERED, ADJUDGED and DE-CREED, that the obligation of Mr. Levine to provide the aforesaid deed shall not arise until after the Bankruptcy Court has approved this Judgment and after Mrs. Levine has secured a mortgage commitment with regard to the refinancing addressed hereinabove; and it is further

ORDERED, ADJUDGED and DE-CREED, that the heirs and assigns of the parties hereto are bound by all the terms and provisions of this Judgment; and it is further

.    .    .  .    .    .

ORDERED, ADJUDGED and DE-CREED, that with regard to a claim by Mr. Levine as to certain separate property located at the residence occupied by Mrs. Levine, there was a stipulation entered into before Judge Schwartzberg which identified that separate property and which Mrs. Levine subsequently turned over to Mr. Levine in its entirety; Mrs. Levine has waived and relinquished any claim or interest to any of the property that was turned over pursuant to that stipulation which was then so ordered by Judge Schwartzberg...."

The judgment entered by Mr. Justice Matthew F. Coppola, in the Supreme Court, State of New York, Westchester County, expressly requires that the parties must submit the judgment to this court for approval with respect to the debtor's property rights.

## DISCUSSION

■ The adjudication of rights, duties and entitlements as between a debtor and a spouse are beyond the province of the bankruptcy court to the extent that such adjudication does not implicate the rights of creditors with respect to the debtor's property and the property of the estate. *In re Palmer*, 78 B.R. 402 (Bankr.E.D.N.Y. 1987). As in the *Palmer* case, this court vacated the automatic stay imposed under 11 U.S.C. § 362(a) in order to permit the state court to adjudicate the rights, obligations, duties and property interests of the debtor and his wife. However, this court ruled that the stay remained in effect with respect to the enforcement of those rights to the extent that the state court awarded property of the debtor's estate to any entity other than the debtor. Now that the state court has entered a judgment of divorce, and an order involving maintenance, child support and an equitable distribution under state law, this court must review the state court judgment for the purpose of determining whether the equitable distribution ordered by the state court conflicts in any way with the distribution scheme provided for under the Bank-

ruptcy Code, as reflected in 11 U.S.C. §§ 725 and 726.

■ Apart from dividing between the parties specific items of personal property claimed by the debtor and his spouse, the major asset subject to the equitable distribution order is the one family home which they owned by the entireties. The state court order directs the debtor to convey his interest in the premises to his former wife, in fee simple absolute, subject to an existing mortgage and a $6,700.00 judgment recorded against the debtor. The debtor's wife must pay the judgment and hold the debtor harmless for liability under the judgment.

The property of the debtor's estate and the interest of his creditors are not adversely or significantly affected by the state court order which directs the debtor to convey his interest in the home held by the entireties with his wife because such interest is merely a right of survivorship which can be extinguished if the debtor's wife survives him. Generally, a debtor husband's right of survivorship in a home owned by the entireties with his wife, is not worth very much because the mortality tables reveal that the wife will probably survive the husband. See *In re Weiss*, 4 B.R. 327 (Bankr.S.D.N.Y.1980); *In re Gibbons*, 52 B.R. 861 (Bankr.D.R.I.1985).

Moreover, creditors of the debtor husband may not exercise possessory rights in property held by the entireties, nor may they move in with the wife. See *In re Weiss*, supra. Indeed, a trustee in bankruptcy would find it difficult to sell both the debtor's interest and the nondebtor spouse's interest in the property held by the entireties, notwithstanding such authorization under 11 U.S.C. § 363(h), because the trustee would have problems proving that the benefit to the estate from such sale free of the interests of co-owners outweighs the detriment to the co-owners, as required under 11 U.S.C. § 363(h)(3). See *In re Weiss*, supra.

Had the property in question been owned exclusively by the debtor, such property would have constituted a valuable asset available to creditors of the debtor's bank-

ruptcy estate. In such case, an equitable distribution award made after the commencement of the debtor's bankruptcy case would conflict with the distribution rights of creditors under 11 U.S.C. §§ 725 and 726, with the result that the nondebtor spouse would only have a general unsecured claim against the bankruptcy estate based upon her equitable distribution award. See *In re Hilsen*, 100 B.R. 708 (Bankr.S.D.N.Y.1989).

Accordingly, the state court equitable distribution order does not significantly conflict with the operation of federal law as reflected in the Bankruptcy Code's distribution scheme delineated under 11 U.S.C. §§ 725 and 726.

## CONCLUSIONS OF LAW

1. This court has jurisdiction of the subject matter and the parties in accordance with 28 U.S.C. § 1334 and 28 U.S.C. § 157(a). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(G).

2. The judgment of divorce and equitable distribution order under state law entered by Mr. Justice Matthew F. Coppola in the Supreme Court, State of New York, County of Westchester, on September 19, 1989, does not adversely affect the interests of any creditors of the debtor nor does it conflict with any federal enactments with respect to the concept of equality of distribution mandated under the Bankruptcy Code. Accordingly, the judgment dated September 19, 1989, is approved.

IT IS SO ORDERED.